258

UNITED STATES, Appellee,

v.

**Thomas G. HARDEN, Private First Class,**
**U. S. Army, Appellant.**

No. 30,462.

U. S. Court of Military Appeals.

Jan. 16, 1976.

*Captain Joseph M. Burton* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera,* and *Captain Ronald Lewis Gallant.*

*Captain William A. Poore* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain John R. Erck,* and *Captain Jonathan D. Glidden.*

## OPINION OF THE COURT

COOK, Judge:

Reviewing the accused's conviction on two charges, the respective specifications of which alleged that the accused had attempted, wrongfully, to sell 20 packets of heroin and had wrongfully possessed heroin, the Court of Military Review determined that the heroin in each instance was the same and the attempted sale took place within a "few minutes" and "a short distance away" from where the accused was apprehended with the drug still in his possession. *United States v. Harden,* 50 C.M.R. 354, 355 (A.C.M.R. 1975). On this evidence, the court concluded that the two offenses were "multiplicious for sentencing." *Id.* Nevertheless, the court found no merit in accused's contention that his plea of guilty was improvident because he had been led to believe, as the judge, trial and defense counsel, and the convening authority believed, that the offenses were separately punishable. The court further concluded that defense counsel's failure to raise the matter at trial constituted a waiver of the right to object to the judge's determination of a sentence

on the basis of a maximum of 20 years' confinement, rather than the legal limit of 10 years, because the offenses were duplicative.

■ Before this Court, the accused challenged the Court of Military Review's reliance upon waiver as a basis for denying review of the impact on the sentence of the misconception of the trial judge as to the legal period of confinement. Subsequent to the court's decision and the filing of the accused's appeal in this Court, we decided *United States v. Morales,* 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975). We overturned the Court of Military Review's resort to the waiver rule to deny review of an erroneous ruling by the trial judge in admitting a document as an official record, which did not qualify as such. In *United States v. Morales,* 49 C.M.R. 458 (A.C.M.R. 1974), the Court of Military Review had relied upon an earlier decision by another panel in *United States v. Buchholtz,* 47 C.M.R. 177 (A.C.M.R. 1973). Both *Morales* and *Buchholtz* were cited as support for the court's decision in this case. What we said in our opinion in *United States v. Morales,* 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975), requires that we reverse the decision of the Court of Military Review and hold that waiver does not apply.[1] Primary responsibility for determining the legal limits of punishment rests upon the trial judge. Situations may arise in which the judge is misled by defense counsel,[2] but this case cannot be so classified. Here, the initial statement that the maximum confinement was 20 years was made by trial counsel. Asked what his view was, defense counsel replied that he "agree[d] with the prosecution's statement." If the judge was misled, the Government must share the blame and responsibility for the error.

■ Our disposition of the issue on which we granted review impels reconsideration of the accused's contention as to the improvidence of his plea. *See United States v. Oakley,* 7 U.S.C.M.A. 733, 735, 23 C.M.R. 197, 199 (1957). A plea of guilty may be improvident because it is "predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." *United States v. Windham,* 15 U.S.C.M.A. 523, 525, 36 C.M.R. 21, 23 (1965); *United States v. Towns,* 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974). The Court of Military Review below acknowledged the principle, but considered that the difference between the apprehended period of confinement and the legal period was too insubstantial to render the accused's plea improvident. In passing, the court observed that in *Towns,* in which the principle was applied, the maximum legal confinement was 10 times less than that which the accused believed could be adjudged.

■ *Towns* did not prescribe a fixed formula by which to determine the magnitude of difference in punishment that would

---

1. In *United States v. Morales,* 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975), we said, in pertinent part:

> *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975) . . . reviewed the effect of the absence of objection by defense counsel upon the trial judge's obligation to conduct the trial in accordance with established principles. We emphasized that, absent circumstances indicating an affirmative waiver by defense counsel of appropriate judicial action required by the evidence, the trial judge was not relieved of his independent duty to take such action. More recently, we held that when "the prosecutor's own exhibit demonstrated the absence" of a sound basis for its admission into evidence, the trial judge must exclude it despite the absence of objection by defense counsel.

> *United States v. Heflin,* 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975).
> Here, the Court of Military Review acknowledged that several of the Government's exhibits as to previous misconduct by the accused contained deficiencies which, on their face, demonstrated that they did not qualify for admission into evidence. The court's unanimous determination that the evidence probably resulted in a more severe punishment confirms the record indication that defense counsel did not perceive or contemplate a tactical advantage from the admission of the exhibits into evidence. The court, therefore, should not have refused to consider the consequence of the erroneous trial ruling.

2. *United States v. Brux,* 15 U.S.C.M.A. 597, 602, 36 C.M.R. 95, 100 (1966).

warrant vacating a plea of guilty as improvident. It reiterated the established principle that a "substantial misunderstanding" can lead to an improvident plea. Concededly, the standard is elastic and can, therefore, produce different results in seemingly similar cases, but even the bedrock principles of constitutional law, such as "due process," "unreasonable search and seizure," and "effective assistance" of counsel are not, and probably cannot be, defined with the exactitude of a mathematical equation, in which all the factors have precisely delimited and unalterable values. Allowing for the elasticity of the standard, in our opinion, the 10-year difference between the legal maximum and the maximum upon which the accused predicated his plea of guilty is "substantial."

In a particular case, even a substantial difference may not be material to an accused. Such a case was *United States v. Kleinhans,* 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964). There, the accused was charged with two offenses, each of which was believed to authorize confinement for 5 years, so that the maximum confinement was represented to be 10 years. At trial, defense counsel indicated his awareness that the offenses might not be separately punishable; still, he asserted that "regardless of the ultimate decision" as to the true, legal maximum, the accused would "stand by his negotiated plea." As the accused had expressly taken into account the potential difference in punishment, there was no issue as to the providence of his plea of guilty. All that remained in the case was the error in the instructions on the sentence that resulted from the trial judge's erroneous determination that the offenses were separately punishable. No such consideration of the possible alternatives of sentence and the effect of those alternatives on the accused's plea appears in this record. On the contrary, as we noted earlier, both counsel, the trial judge, and the convening authority believed that the maximum punishment included confinement at hard labor for 20 years. On this record, we cannot avoid the conclusion that the accused's plea of guilty was improvident.

The decision of the Court of Military Review is reversed, and the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FERGUSON concurs.

FLETCHER, Chief Judge (concurring):

In resolving whether a misunderstanding of the maximum punishment improvidenced an accused's *negotiated* plea, as was the situation here, I view a miscalculation of the period of imposable confinement which approaches 100 percent as "substantial." In addition, there may be instances in which a lesser misunderstanding is substantial, depending upon the circumstances of the case.