## UNITED STATES

v.

**Specialist Four Gena H. SHRUM, 426–96–7956, US Army, 15th Adjutant General Company, 1st Cavalry Division, Fort Hood, Texas.**

### CM 434621.

U. S. Army Court of Military Review.

Sentence Adjudged 14 Jan. 1976.

Decided 28 Sept. 1976.

Appellate Counsel for the Accused: CPT John M. Nolan, JAGC; CPT Sammy S. Knight, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Laurence M. Huffman, JAGC; CPT Richard A. Gallivan, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

## OPINION OF THE COURT

COOK, Judge:

Appellant was convicted by a general court-martial, in accordance with her pleas,

of stealing mail matter, a violation of Article 134, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 934) and of forgery, an infringement of Article 123, UCMJ (10 U.S.C. § 923). Her approved sentence is noted above.

■ The members of this Court are unanimous in holding that the theft from the mails, and the forgery of the postal form contemporaneous with and in furtherance of this larceny, are multiplicious for sentencing purposes under the "single integrated transaction" theory. *See United States v. Burney,* 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971) and the cases cited therein.

However, the consequences of our unanimity on the multiplicity issue has served to generate a division concerning the appropriate disposition of this case.

As noted earlier, the appellant pled guilty. It is obvious from the record that all parties to the trial were under the impression that the maximum sentence included a period of confinement for ten years. Appellant's plea was bottomed on, received and accepted under, this erroneous belief. Because the offenses are multiplicious for sentencing purposes, the correct maximum as to the confinement portion of the sentence is, and was, five years. Ergo, we are faced with a factual situation similar to that contained in *United States v. Harden,* 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976).

Judge DeFord, in his dissenting opinion in this case, applies the language to be found in *United States v. Harden, supra,* that the standard for determining whether or not a plea is based on a substantial misunderstanding is "elastic" and that it "probably cannot be, defined with the exactitude of a mathematical equation" [1] and concludes that the appellant's misunderstanding was insubstantial.

In his opinion, and other recent cases of similar purport,[2] considerable reliance is

---

1. *United States v. Harden,* 24 U.S.C.M.A at 78, 51 C.M.R. at 251, 1 M.J. at 260.

2. *United States v. Brotherton,* 2 M.J. 843 (A.C.M.R. 23 April 1976); *United States v. Tenney,* N.C.N. 75 2969, 1 M.J. 965 (N.C.R. 24

placed upon the quantum portion of the pretrial agreement to establish that the misunderstanding as to the correct maximum sentence was not substantial. Such an approach appears to state that the in-court misunderstanding is not substantial unless it can be said that the out-of-court pretrial agreement as to the sentence was to some degree inappropriate. We do not believe that is the correct interpretation or application of the term "substantial misunderstanding".

█ The genesis of our reluctance to subscribe to that interpretation arises from the universal caution with which Congress[3] and the courts have dealt with guilty pleas. A summary of the judicial attitude is to be found in the following quote from *McCarthy v. United States,* 394 U.S. 459, at page 466, 89 S.Ct. 1166, at page 1171, 22 L.Ed.2d 418 (1969):

". . . A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. 458,

464, 58 S.Ct. 1019, 82 L.Ed. 1461, 1466, 146 A.L.R. 357 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."

The foregoing quote was cited with approval by the Court of Military Appeals in *United States v. Care,* 18 U.S.C.M.A. 535, 538, 40 C.M.R. 247, 250 (1969). This attitude of unrelenting concern is evidenced in our system by innumerable Court of Military Appeals decisions.[4]

Additionally, we are markedly influenced by our reading of the Court of Military Appeals opinions involving factual situations generally similar to the case *sub judice.*[5] With one exception, as far as we can determine, that Court has never relied upon the terms of a pretrial agreement to determine whether a variance between the announced maximum sentence and the correct maximum sentence was substantial or whether or not an accused was prejudiced by such an incorrect advice as to the maximum sentence.[6] It seems logical to con-

---

June 1976); *United States v. Anderson,* N.C.N. 76 0283, 1 M.J. 688 (N.C.R. 25 June 1976).

**3.** *See* the citations from the hearings on the Uniform Code of Military Justice to be found in *United States v. Chancelor,* 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966).

**4.** *See* for example *United States v. Lallande,* 22 U.S.C.M.A. 170, 46 C.M.R. 170 (1973); *United States v. Cox,* 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972); *United States v. Troglin,* 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972); *United States v. Veteto,* 18 U.S.C.M.A. 64, 39 C.M.R. 64 (1968); *United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968); *United States v. Chancelor, supra; United States v. Drake,* 15 U.S.C. M.A. 375, 35 C.M.R. 347 (1965); *United States v. Welker,* 8 U.S.C.M.A. 647, 25 C.M.R. 151 (1958); *United States v. Allen,* 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1957); and, cases cited in the following footnote.

**5.** *United States v. Frangoules,* 1 M.J. 467 (3 September 1976); *United States v. Harden, supra; United States v. Bowers,* 24 U.S.C.M.A. 5,

51 C.M.R. 5, 1 M.J. 200 (1975); *United States v. Towns,* 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974); *United States v. Kilgore,* 22 U.S.C.M.A. 67, 46 C.M.R. 67 (1972); *United States v. Darusin,* 20 U.S.C.M.A. 354, 43 C.M.R. 194 (1971); *United States v. Pearson,* 19 U.S.C.M.A. 379, 41 C.M.R. 379 (1970); *United States v. Murphy,* 18 U.S.C.M.A. 571, 40 C.M.R. 283 (1969); *United States v. Turner,* 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968); *United States v. Windham,* 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965); *United States v. Hutton,* 14 U.S.C.M.A. 366, 34 C.M.R. 146 (1964); *United States v. Clark,* 12 U.S.C. M.A. 363, 30 C.M.R. 363 (1961); *United States v. Downing,* 11 U.S.C.M.A. 650, 29 C.M.R. 466 (1960); *United States v. Zemartis,* 10 U.S.C. M.A. 353, 27 C.M.R. 427 (1959); *United States v. Hamill,* 8 U.S.C.M.A. 464, 24 C.M.R. 274 (1957).

**6.** It is possible to read the *Kilgore, supra,* opinion to mean that the quantum portion of the pretrial agreement can be consulted in arriving at a determination of prejudice, but we think the real reliance in that case was placed upon

clude from these cases that the Court of Military Appeals feels the critical question in resolving these situations is "what did the appellant believe the maximum sentence to be (at the time he negotiated his pretrial agreement and) at the time of the trial when he entered his guilty plea"? If, when comparing the answer to that question with the correct maximum, you discover a substantial difference you have a "substantial misunderstanding". Consequently, an improvident plea must follow irrespective of the terms of the pretrial agreement. Certainly this has been the approach taken by the Court of Military Appeals since *United States v. Towns, supra,* decided in 1974, and our approach accords with the views expressed by Chief Judge Fletcher in his concurring opinion in *United States v. Harden, supra.*

■ Applying the decisional law as we read it, we conclude that appellant's guilty plea was based on a substantial misunderstanding as to the correct legal maximum imposable for her crimes and her plea, therefore, was improvident.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge BAILEY concurs.

DeFORD, Judge, concurring in part and dissenting in part:

As noted in the majority opinion, I agree that the offenses of which the appellant was convicted were multiplicious for sentencing purposes for the reasons set forth in that opinion. However, I am unable to concur with the majority's view that the

appellant's plea of guilty was based upon a "substantial" misunderstanding of the maximum punishment and therefore improvident.

The operative facts with which we are concerned are that the appellant was assigned the duty of mail clerk in her unit. In performing her duties she was required to handle incoming mail for members of her unit. Some mail requires accountability and DD Form 434, Record of Accountable Mail is maintained on such items. Addressees are required to receipt for this type of mail. The appellant took a small box addressed to one Dennis Brown classified as accountable mail, and forged his name in the signature block of DD Form 434 (Record of Accountable Mail).

Following discovery of the loss of the accountable item of mail, an investigation was instituted. During that investigation the appellant was interrogated and after appropriate warnings, she made a pretrial confession which admitted her wrongdoing with regard to the offenses charged.

The appellant negotiated a pretrial agreement in which she agreed to plead guilty to the charges in return for the convening authority not approving a sentence in excess of a dishonorable discharge, confinement at hard labor for one year, total forfeitures, and reduction to the lowest enlisted grade. After an appropriate inquiry, the military judge found the appellant's pleas provident and a jury was impanelled to determine the appellant's sentence.

The court sentenced the appellant to be discharged from the service with a bad-con-

---

the relatively insubstantiality of the misunderstanding, *i. e.,* 22½ years confinement versus 26 years or a 3½ year (approximately 15%) inaccuracy. We believe the reference to the terms of the agreement was a makeweight. Two puzzling cases among those cited in footnote 5, are *Pearson* and *Murphy*. Both are guilty pleas involving the use of erroneous maximums at trial resulting from a failure of the trial judge to recognize multiplicious offenses. In neither decision is improvidency even mentioned. Reassessment is the remedy applied. In *Pearson* the problem involved a 2 year vs 1 year error, while *Murphy* involved a 10 year vs 5 year mistake. While the Govern-

ment would have us conclude that these holdings stand for the proposition that these differentials, *i. e.,* 2 v 1 and 10 v 5, are not substantial enough to constitute a prejudicial misunderstanding requiring the improvidencing of a guilty plea, we are reluctant to arrive at that conclusion on such anemic evidence. Had the decisions even alluded to the question of improvidency we would be more favorably inclined to adopt the Government's position. As they did not, we count them as aberrations. In point of fact, the balm which the Court of Military Appeals has applied to this error has, until recent years, been desultory at best.

duct discharge, to forfeit all pay and allowances, and to be reduced to the grade of Private E–1. Since the sentence adjudged was considerably less than that agreed upon in the pretrial agreement, the convening authority approved the sentence but deferred application of the forfeitures until such time as the sentence was ordered executed.

The military judge advised the appellant during the providency inquiry that the maximum punishment included confinement for ten years. The parties voiced no objection to this pronouncement therefore we must assume that all were of the belief that the judge's statement was correct, (our decision concerning the multiplicity issue reduced the confinement portion of the maximum sentence from ten years to five years and creates the difficult problem with which we are faced).

It has been established that a plea of guilty may be improvident if it is predicated upon a "substantial" misunderstanding on the accused's part as to the maximum punishment which he or she may be subject.[1]

The primary responsibility for ascertaining the legal limits of punishment rests upon the trial judge.[2] However, an accused's misunderstanding of the correct maximum punishment does not automatically result in a plea of guilty being improvident.[3]

The United States Court of Military Appeals has not prescribed a fixed formula by which the magnitude of difference between the incorrect maximum punishment and the correct maximum punishment can be readily ascertained.[4] That Court has stated that the standard as to what is a "substantial"

misunderstanding of the maximum punishment must be elastic and cannot be defined with mathematical certainty.[5]

Therefore, the inquiry focuses on determining whether the appellant's misunderstanding of a fact or condition upon which the plea of guilty was based was sufficiently "substantial" that she would not have entered that plea had she known the true fact or condition.

Many years of practice before civil and military courts convinces me that there are several factors which must be considered and cumulatively weighed in determining whether an accused's misunderstanding as to the correct maximum punishment is in fact "substantial". I do not believe that any single factor can clearly be dispositive of the issue.

The factors which appear to me to be important are (1) does the quality and quantum of the pretrial evidence dictate that an accused take a given course of action?; (2) what significance did trial defense counsel's experience in similar type cases at the place of trial or within the judicial circuit have on the terms of a negotiated plea?; (3) what significance if any did counsel's knowledge of the inclinations of the convening authority and his staff judge advocate in similar type cases have upon the determination to offer a given proposal?; (4) what was the degree of error in the misunderstanding of the maximum punishment?; (5) what relationship exists between the terms of the pretrial agreement and the correct maximum punishment?; (6) where there is a negotiated plea and the basis of that plea is grounded upon improper understanding of an element or aspect thereof, does that agreement rep-

1. *United States v. Harden*, 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976); *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974); *United States v. Windham*, 15 U.S.C. M.A. 523, 36 C.M.R. 21 (1965).

2. *United States v. Harden, supra.*

3. *See United States v. Kilgore*, 22 U.S.C.M.A. 67, 46 C.M.R. 67 (1972); *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964); *United States v. Sproles*, 48 C.M.R. 278 (A.C.M.

R.1974); *United States v. DuPuis*, 48 C.M.R. 49 (A.C.M.R.1973).

4. *United States v. Harden, supra*, 51 C.M.R. at page 251, 1 M.J. at page 260. However, Judge Fletcher concurring separately in *Harden, supra*, stated that he viewed a miscalculation of the period of imposable confinement which approaches 100 percent as "substantial".

5. *Id.*

resent a fair agreement and was the bargain struck realistic in light of the totality of circumstances of the case?; and finally, (7) what was the actual impact of the misunderstood element of the plea in light of the actual sentence imposed at trial?

Applying the foregoing principles to the facts of this case, I find that the pretrial evidence from a practical viewpoint, dictated that it would be in the best interests of this appellant to negotiate a plea in an effort to gain the most acceptable terms possible under the circumstances.

Counsel's understanding of the limits of the convening authority's discretion with regard to his judgment concerning acceptance of proposed pretrial agreements, their understanding of the past history of previous court judgments and or judge's decisions in similar type cases require a subjective review. Seldom if ever, are facts contained in the record of trial which would aid an appellate court in this area. However, I believe these factors are significant in determining what offer is submitted to a convening authority in a given case.

The appellant's offer to plead guilty was based upon a misunderstanding as to the maximum confinement. She believed that she was faced with a maximum of ten years confinement when in fact it was five years. The degree of error amounted to 100 percent. The confinement portion of the pretrial agreement when compared with the *correct* maximum punishment represented only 20 percent of the potential maximum.

The appellant was charged with the theft of accountable US mail and forgery of official records pertaining to that mail. The offenses were of a serious character and are normally considered felonies. The security of the US mail has long been considered a matter of high interest to those charged with its responsibility and to the public at large. The terms of the pretrial agreement proposed were imminently fair and represented a realistic balance between the conflicting interests of the parties based upon the circumstances of this case. When compared against the true maximum confinement, the agreed one year confinement as set forth in the pretrial agreement meets the same standards.

With regard to the impact of the court's sentence, the jury in its discretion did not see fit to adjudge any confinement. Obviously, the military judge's incorrect pronouncement of the maximum imposable confinement had no impact upon the jury.

Cumulatively, weighing the foregoing factors I believe the appellant's misunderstanding as to the maximum imposable confinement was not "substantial". I believe that she would have negotiated the same pretrial agreement regardless of whether she was aware that the maximum imposable confinement was ten years or five years. I would hold that the appellant's plea was entirely provident. Accordingly, I respectfully dissent.

**UNITED STATES**

v.

**Private First Class Floyd J. GRAVES, Jr., 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, US Army, Headquarters and Headquarters Company, 1st Battalion (Mechanized), 8th Infantry, 4th Infantry Division (Mechanized), Fort Carson, Colorado.**

**CM 433121.**

U. S. Army Court of Military Review.

Sentence Adjudged 14 Feb. 1975.

Decided 29 Sept. 1976.

