UNITED STATES

v.

**Private First Class Floyd J. GRAVES, Jr., 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, US Army, Headquarters and Headquarters Company, 1st Battalion (Mechanized), 8th Infantry, 4th Infantry Division (Mechanized), Fort Carson, Colorado.**

CM 433121.

U. S. Army Court of Military Review.

Sentence Adjudged 14 Feb. 1975.

Decided 29 Sept. 1976.

Appellate Counsel for the Accused: CPT Preston Wilson, JAGC; CPT Albert T. Berry, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Dana C. McCue, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC.

## DECISION ON FURTHER REVIEW

COSTELLO, Judge:

Appellant was charged under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, with three instances of sale and three of possession of heroin between 10 October and 21 November 1974. The third incident occurred after appellant had been arrested for the first two, but all charges were consolidated for trial. Following appellant's conviction pursuant to a negotiated plea, the convening authority reduced the sentence from four years to two as agreed and we affirmed both the findings and sentence as approved.[1]

In his petition to the Court of Military Appeals appellant made his initial challenges to the manner in which he was charged and to the providency of his plea. Those challenges have both factual and legal content. Thus, if the Government's choice to charge appellant under Article 134, UCMJ, rather than Article 92, UCMJ, had been arbitrarily made, his maximum sentence was erroneously stated. *United States v. Courtney*, 1 M.J. 438 (July 2, 1976).

Then, the argument continues, if that error existed, appellant was under such a substantial misapprehension concerning the punishment he faced that the providency of his guilty plea was called into question. *United States v. Harden*, 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976).[2] The Court of Military Appeals vacated our decision and remanded the case to us for consideration anew " . . . in light of [its] decisions . . . " in *Courtney* and *Harden*.

We find no error in the manner in which appellant was charged and hold his guilty plea to have been providently made on the basis of accurate information concerning the sentence he faced. We find further

---

1. The Secretary of Army granted parole on 23 December 1975, less than one year after sentence was imposed.

2. *The* misapprehension in *Harden* was the product of multiplicity, i. e., too many charges. The same type of misapprehension could be generated by too severe charging, i. e., subjecting the accused to sentences larger than possible under an available alternative charge. Because the trial judge here cured the pure *Harden* misapprehension, we deal only with the potential error engendered by the application of *Courtney*.

that this appellant's guilty plea was not the product of any misapprehension about the potential length of his sentence.

## I

■ Appellant was properly charged under Article 134, UCMJ, even though an alternative charge under Article 92, UCMJ, was available and would have resulted in a five-fold reduction in the possible sentence. The circumstances of the choices made in each case in each Army jurisdiction must be examined when an arbitrary choice of the *Codal* provision permitting the longer sentence is alleged. *United States v. Jackson*, 2 M.J. 987 (A.C.M.R. 24 September 1976). We have examined the record before us which makes it manifest that appellant was an active and intransigent dealer in heroin, to the extent that he made the third sale charged here after having been apprehended for the first two. His conduct was flagrant and the subject matter was serious. His activities were conducted on post among members of active military units and were clearly to the prejudice of good order and discipline.

Our review of the court-martial promulgating orders issued in this jurisdiction before and after appellant's charging shows that the charging process at Fort Carson was quite even-handed. Rational choices among court levels and *Codal* sections were made, and it is clear that serious and minor offenses were well distinguished. There is no evidence to suggest that the choice to try appellant under Article 134 was arbitrarily made. Therefore, he was not denied equal protection or equal application of the law. *Courtney, supra; Jackson, supra.*

## II

■ Although the six charges against appellant were laid appropriately under Article 134, UCMJ, the trial judge noted that the three possession charges were multiplicious for sentencing with the charges of selling the same substance on the same date. Accordingly, he corrected on the record and before accepting appellant's plea a statement in the pretrial agreement that appellant faced 60 years of confinement. In addition to giving appellant the true figure, 30 years, the trial judge carefully ascertained from appellant and his civilian counsel that they were prepared to persist in the offer to plead guilty under either view of the maximum penalty. Thus, we find that appellant was under no misapprehension about the period of confinement and that his plea was the product of his own perception of guilt and self-interest. *United States v. Frangoules*, 1 M.J. 467 (September 3, 1976); *Harden, supra.*[3]

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CLAUSE and Judge DONAHUE concur.

---

**3.** We feel keenly the responsibility placed on us by the Court of Military Appeals in *Courtney* and the related remand orders we have construed in *Jackson* and this case. Accordingly, we will also examine the problem of the providency of appellant's plea if one were to take the view that the maximum sentence in this case was six years. Our findings about appellant's frame of mind are the same; it is manifest from the record that appellant and his counsel were quite happy with their agreement and not about to disturb it. The specific matter of "some appellate defense" counsel attacking the plea on appeal was mentioned by individual counsel who said for the record that the statement of the maximum sentence was "not one of the conditions" of the agreement. The plea here was the product of appellant's perception of his own best interest and provident. *Frangoules, supra; Harden, supra; United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964).