UNITED STATES

v.

David G. SAULTER, 175 42 6375, Sergeant (E-5), U. S. Marine Corps.

NCM 75 2748.

U. S. Navy Court of Military Review.

Sentence Adjudged 22 Aug. 1975.

Decided 20 Dec. 1976.

LT Howard L. Schwartz, JAGC, USNR, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, CRANDELL and GLADIS, JJ.

CRANDELL, Judge:

Appellant in this case was convicted, in consonance with his provident pleas, by a military judge alone, sitting as a general court-martial, of one specification of wrongful sale of a prohibited drug, phencyclidine, on 5 May 1975, and six specifications of wrongful sale of various amounts of marijuana, on diverse dates from February 1975 to June 1975, in contravention of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934.

The military judge imposed a sentence of bad conduct discharge, confinement at hard labor for 2 years, reduction to pay grade E-1, and forfeiture of all pay and allowances. The convening authority approved the sentence since it was within the limits of a previously negotiated pretrial agreement.

By decision dated 25 March 1976, this Court held, contrary to appellant's assignments of error, that the court had jurisdiction to try him and that his pleas of guilty were not improvident because he allegedly failed to consistently acknowledge his guilt by stating, in effect, that he did not believe

marijuana caused disorder or brought discredit upon the Marine Corps. The court affirmed the findings of guilty and sentence as approved by the convening authority.

Appellant then petitioned the Court of Military Appeals for a grant of review. The petition was granted and, by order dated 1 July 1976, the Court of Military Appeals vacated the decision of this Court and directed that further proceedings be held in abeyance pending the decision of the Military High Court in certain cases. In the light of *United States v. Courtney*, 1 M.J. 438 (1976) and *United States v. McCarthy*, 2 M.J. 26 (1976), we can now consider this case.

The case is now before this Court again and appellant assigns the following as error:

I. THE ACCUSED WAS DENIED THE EQUAL PROTECTION OF AND DUE PROCESS OF THE LAW BY HAVING BEEN PROSECUTED UNDER ARTICLE 134, RATHER THAN UNDER ARTICLE 92, CODE.

II. THE COURT–MARTIAL LACKED JURISDICTION.

As noted above, in accordance with his pleas, appellant was found guilty of various specifications of Articles 92 and 134, *Code* (R. 19). Prior to announcing findings, the military judge questioned the accused upon his understanding of the maximum permissible period of confinement that could be awarded at the instant court-martial (R. 16). After a short discussion concerning the multiplicity of Charge I and specification 2 of Charge II, the military judge concluded that the maximum sentence included 30 years confinement at hard labor.

■ Before this Court, appellant claims that the military judge was mistaken in his calculation and that the correct maximum sentence included only 12 years of confinement at hard labor. The military judge's calculation was premised upon the maximum permissible period of confinement of 5 years per specification under Article 134, *Code.* Thus, a total of 30 years would be calculated for the plea of guilty to specifications 1 and 2 of Charge II and specifications 1, 2, 4, and 5 of Additional Charge II. Both Charge II and Additional Charge II were alleged violations of Article 134, *Code. United States v. Courtney, supra.*

Had each specification been referred under Article 92, *Code,* the maximum sentence would have included only 12 years confinement at hard labor for the charge upon which appellant was brought to trial. By referring the same offense under Article 134, the government increased the period of confinement significantly. we impute no sinister motive to the agents of the government for bringing the charges under Article 134, UCMJ, since the charges were brought long before the *Courtney* decision. Nevertheless, such a substantial increase cannot be justified under the concept of due process or equal protection, United States Constitution, Amendments V, XIV.

From this, however, appellant argues that his plea was not provident since it was based upon a substantial miscalculation of the possible sentence. From this argument another issue immediately surfaces. Did the pretrial agreement, negotiated on the basis of an improper calculation of the maximum sentence, affect the providence of the plea? *United States v. Harden*, 1 M.J. 258 (1976). Based on his belief that the maximum permissible confinement was 30 years, the military judge adjudged a sentence which included confinement at hard labor for only 2 years. The pretrial agreement also provided for maximum confinement of 2 years (Appellate Exhibit IV). However, appellant was not prejudiced with respect to the confinement portion of the sentence by having been charged under Article 134 instead of Article 92, under the circumstances of this case. The difference between 12 and 30 years is substantial, it is true. But, there is no fair risk that such difference would have affected the military judge's decision concerning the length of confinement, in view of the nature of the offenses.

Furthermore, the difference between 12 and 30 years is not so substantial as to render appellant's guilty pleas improvident in light of the pretrial agreement he negotiated. Not only did appellant successfully negotiate a pretrial agreement with the convening authority whereby the period of confinement would be limited to 2 years, but the convening authority also agreed to dismiss eight specifications which, even under appellant's computation of the maximum punishment under Article 92, would have increased the permissible period of confinement from the postulated 12 years to 20 years. Under these circumstances, we are certain the discrepancy between the announced maximum period of confinement and appellant's postulated maximum period, that is, 30 and 12, respectively, did not materially induce appellant to enter the guilty pleas. Although the miscalculation of the period of imposable confinement here initially appears to be substantial, *see United States v. Harden, supra,* the added factor which distinguishes this case is the agreement by the convening authority to withdraw specification 3 of Charge II, specifications 1 through 3 of Additional Charge I, and specifications 3, 6, 7, and 8 of Additional Charge II. It is clear that the miscalculation of the maximum imposable confinement would not have affected appellant's decision to enter into the very favorable pretrial agreement as he did. We are satisfied that appellant's plea was provident.

Turning to the second assignment of error, appellant next contends that the court-martial lacked subject-matter jurisdiction over the offenses of which he stands convicted.

At the trial level, appellant moved to dismiss all charges and specifications on the grounds that the court-martial lacked jurisdiction over such offenses. In response to the motion, the government offered certain stipulations of fact. The first of these stipulations established that appellant was continuously on active duty with the United States Marine Corps during the period that the alleged offenses were committed and that he was a military policeman at Marine Corps Base, Camp Lejeune, North Carolina, during this entire time period (R. 5). The pertinent parts of the second stipulation of fact state, *inter alia,* that:

> It is hereby stipulated by and between the prosecution and the defense, with the express consent of the accused, that the following facts are true:
>
> All the charged offenses transpired while the accused was off base and out of uniform. However, all of the sales were conducted as a result of the military association of the accused with individuals that the accused worked with and were known to him to be active duty Marines serving as military policemen. These individuals were in fact, at that time, on active duty with the Marine Corps and working as military policemen. None of them were utilized as undercover agents or informers by any law enforcement agency.

■ These stipulations of fact indicate that the offenses of off-base sale and possession of phencyclidine and marijuana are service connected. It is established that the sales were conducted as a result of the military association of appellant with individuals known to appellant to be active duty military policemen who were members of the same military police command as appellant. There is certainly an overriding interest in the military community to stamp out the substantial threat posed to military personnel and to the security of the base which resulted from the misconduct of the very persons charged with enforcing the law, the military police command:

> At least four of the *Relford*[1] factors appear to be present in the instant case:
>
> 1. A substantial connection between appellant's military duties and the crime [factor 6 from *Relford*].
> 2. The victim was engaged in the performance of a military duty [factor 7 from *Relford*].
> 3. The flouting of military authority [factor 9 from *Relford*].

1. *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

4. The substantial threat to the military installation [factor 10 from *Relford*].

Furthermore, the government submits that the four factors relied upon by the Court of Military Appeals in *United States v. McCarthy*, 2 M.J. 26 (1976), to establish service connection dictate a similar result in the instant case. Those four factors are: (1) the formation of the criminal intent for the offenses on base; (2) the substantial connection between appellant's military duties and the crime; (3) the transferees' being engaged in the performance of military duties, known to appellant, at the time the agreement to transfer was reached; and (4) the threat posed to military personnel, and the security of the military community, by the transfer of the marijuana from one military policeman to other members of the military police command at the base.

Finally, the Supreme Court in *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975), stated that whether an offense is service connected

"turns in major part on gauging the impact of an offense on military discipline and effectiveness, or on determining whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and on whether the distinct military interest can be vindicated adequately in civilian courts. . . ." [*Id.* at 760, 95 S.Ct. at 1314].

It would be hard to imagine a factual situation in which the military interest is more pervasive and overriding than in halting a drug-dealing military policeman who supplies his military police friends with drugs. We find the second assignment of error to be without merit.

In light of the trial judge's misunderstanding of the maximum sentence as noted in our discussion of the first issue, we will reassess the sentence. Upon reassessment, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge GLADIS concur.