UNITED STATES, Appellee,

v.

Private (E-1) Marvin B. JONES, SSN 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, United States Army, Appellant.

CM 433449.

U. S. Army Court of Military Review.

12 July 1977.

Colonel Alton H. Harvey, JAGC, Major Richard J. Goddard, JAGC, and Captain Ronald Lewis Gallant, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Sherwood, Jr., JAGC, was on the pleading for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

DRIBBEN, Judge:

Appellant, tried by military judge alone, was found guilty, pursuant to his pleas, of one specification of possession of heroin, one specification of sale of heroin, one specification of possession of drug paraphernalia, and one specification of possession of marijuana. The offenses were alleged as violations of Article 134, Uniform Code of Military Justice (10 U.S.C. § 934).

▆▆▆ The sale and possession of heroin occurred at the same time and place. The amount sold was a portion of the total amount possessed. Thus, these two offenses were multiplicious for sentencing purposes. *United States v. Waller*, 3 M.J. 32 (C.M.A.1977); *United States v. Smith*, 1 M.J. 260 (1976). The marijuana possession occurred at the same time and place as the heroin possession, rendering those offenses multiplicious. *United States v. Frangoules*, 1 M.J. 467 (1976); *United States v. Hughes*, 1 M.J. 346 (1976). The maximum imposable sentence for all of the charged offenses, therefore, included confinement at hard labor for 11 years.* The military judge determined that the maximum confinement at hard labor was 26 years.

▆▆▆ Considering all the circumstances, including appellant's favorable pretrial agreement, we do not find that the mistake in the maximum authorized amount of con-

finement induced or compelled the plea as was the case in *United States v. Harden*, 1 M.J. 258 (1976). The appellant's pretrial agreement was as attractive in terms of 11 years potential confinement as of 26. To remedy the military judge's error in basing his sentence on the incorrect maximum, we will reassess the sentence.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms the sentence.

DeFORD, Judge, concurring:

I concur in Judge Dribben's opinion in this case. However, I believe that some additional views may be helpful or at least of some assistance in analyzing whether a plea of guilty is improvident by reason of a substantial misunderstanding of the maximum punishment.[1]

In the first instance, it must be recognized that the maximum punishment in a court-martial sentence consists, as a general rule, of several distinct and separate parts.[2]

My experience further indicates that it is an extremely rare situation in which any accused receives a maximum sentence at a general court-martial.[3]

The primary responsibility for ascertaining the legal limits of punishment rests upon the trial judge.[4] However, an accused's misunderstanding of the correct maximum punishment does not automatically result in a plea of guilty being held to be improvident.[5]

---

* This case was tried before 2 July 1976, thus *United States v. Courtney*, 1 M.J. 438 (1976), is not applicable. *United States v. Jackson*, 3 M.J. 101 (CMA 1977).

1. *United States v. Harden*, 1 M.J. 258 (1976); *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974); *United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965).

2. Usually a maximum punishment may include a discharge, confinement, fine or forfeitures, a reduction in grade, as well as the possibility of some other forms of lesser punishments, *i. e.*, restriction, detention of pay, hard labor without confinement, or extra duty.

3. Maximum sentences at special courts-martial are not rare, however, they are not common even in those courts-martial of limited jurisdiction.

4. *United States v. Harden, supra.*

5. *See United States v. Kilgore*, 22 U.S.C.M.A. 67, 46 C.M.R. 67 (1972); *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964); *United States v. Sproles*, 48 C.M.R. 278 (A.C.M.R.1974); *United States v. DuPuis*, 48 C.M.R. 49 (A.C.M.R.1973).

The United States Court of Military Appeals has not prescribed a fixed formula by which the magnitude of difference between the incorrect maximum punishment and the correct maximum punishment can be readily ascertained.[6] That Court has stated that the standard as to what is a "substantial" misunderstanding of the maximum punishment must be elastic and cannot be defined with mathematical certainty.[7]

Therefore, the inquiry focuses on determining whether the appellant's misunderstanding of a fact or condition upon which the plea of guilty was based was sufficiently "substantial" that he would not have entered that plea had he known the true fact or condition.

Many years of practice before civil and military courts convinces me that there are several factors which must be considered and cumulatively weighed in determining whether an accused's misunderstanding as to the correct maximum punishment is in fact "substantial." I do not believe that any single factor can clearly be dispositive of the issue.

The factors which appear to me to be important are (1) does the quality and quantum of the pretrial evidence dictate that an accused take a given course of action?; (2) what significance did trial defense counsel's experience in similar type cases at the place of trial or within the judicial circuit have on the terms of a negotiated plea?; (3) what significance if any did counsel's knowledge of the inclinations of the convening authority and his staff judge advocate in similar type cases have upon the determination to offer a given proposal?; (4) what was the degree of error in the misunderstanding of the maximum punishment?; (5) what aspect or part of the maximum punishment was misunderstood?; (6) what relationship, if any, exists between the terms of the negotiated agreement and the correct maximum punishment?; (7) where there is a negotiated plea and the basis of that plea is grounded upon improper understanding of an element or aspect thereof, does that agreement represent a fair agreement and was the bargain struck realistic in light of the totality of circumstances of the case?; and finally, (8) what was the actual impact of the misunderstood element of the plea in light of the actual sentence imposed at trial?

Applying the foregoing principles to the facts of this case, I find that the pretrial evidence from a practical viewpoint, dictated that it would be in the best interests of this appellant to negotiate a plea in an effort to gain the most acceptable terms possible under the circumstances.

Counsel's understanding of the limits of the convening authority's discretion with regard to his judgment concerning acceptance of proposed pretrial agreements, their understanding of the past history of previous court judgments and/or judge's decisions in similar type cases require a subjective review. Seldom, if ever, are facts contained in the record of trial which would aid an appellate court in this area. However, I believe these factors are significant in determining what offer is submitted to a convening authority in a given case.

The appellant's offer to plead guilty was based upon a misunderstanding only as to the maximum confinement. He believed that he was faced with a maximum of 26 years confinement when in fact it was 11 years. The degree of error was in excess of 100 percent.

However, the pretrial agreement with the convening authority provided for suspension of any confinement in excess of 12 months and did not affect any other aspect of the sentence. Thus, the actual punishment imposed represented, as to confinement, less than ten percent of that which could have been legally imposed under the circumstances in this case. The actual sentence imposed upon the appellant pursuant

---

6. *United States v. Harden, supra,* 1 M.J. at 260. However, Chief Judge Fletcher concurring separately in *Harden, supra,* stated that he viewed a miscalculation of the period of imposable confinement which approaches 100 percent as "substantial."

7. *Id.*

to his pretrial agreement was, we believe, lenient in view of the totality of the facts in this case and the appellant could not anticipate receiving a sentence of less severity even if the correct maximum confinement had been applied in this case. On balance, the circumstances dictate that the appellant would have entered his plea of guilty even had he known the true maximum punishment. Accordingly, his misunderstanding could not have been substantial in this case.

COOK, Senior Judge, dissenting:

I do not concur.

I find that appellant's guilty plea was predicated on a substantial misunderstanding as to the maximum punishment to which he was subjected and, therefore, would hold that his plea was improvident. *United States v. Harden*, 1 M.J. 258 (1976). While an inquiry posed to appellant by the judge at trial might have elicited a response clearly indicating that appellant was willing to plead guilty regardless of the ultimate decision as to the legal maximum sentence (*see United States v. Frangoules*, 1 M.J. 467 (1976); *United States v. Harden, supra; United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964)), no such colloquy occurred in this case. I am unwilling, in a case involving a discrepancy of this magnitude, to search the record, as do my brothers, for other indicia that the appellant would have persisted in his plea even if he had possessed the correct information. *Also see, United States v. Shrum*, 2 M.J. 996 (A.C.M.R. 28 September 1976).

Consequently, I would reverse and authorize a rehearing.