UNITED STATES, Appellee,

v.

Private First Class Daniel MONTIEL, SSN 464–02–9940, United States Army, Appellant.

CM 434338.

U. S. Army Court of Military Review.

19 July 1977.

Colonel Alton H. Harvey, JAGC, Major Joe D. Miller, JAGC, Captain Lawrence E. Wzorek, JAGC, and Captain Michael V. Smith, JAGC, were on the pleadings for appellant.

Lieutenant Colonel Donald W. Hansen, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain Lee D. Schinasi, JAGC, and Captain Russell S. Estey, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant was convicted, pursuant to his pleas, by a military judge sitting as a general court-martial of two specifications of illegal possession of amphetamines and a specification of possession of marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ) (10 U.S.C. §§ 892 and 934). He was sentenced to a bad-conduct discharge, confinement at hard labor for 15 months, total forfeiture of pay and allowances, and reduction to the grade of Private E-1. The convening authority approved a bad-conduct discharge, forfeiture of all pay and allowances, reduction to the grade of Private E-1, and pursuant to a pretrial agreement, suspended the confinement that exceeded four months for a period of 12 months.

Our review of the case is predicated upon Article 66, UCMJ (10 U.S.C. § 866).

On appeal, the appellant's counsel has assigned three allegations of error: (1) the appellant was denied the equal protection of the law by the Government's act of charging possession of marijuana under Article 134 rather than under Article 92; (2) the military judge committed error in fail-

ing to merge the multiple drug charges for sentence purposes; and (3) the appellant's plea of guilty was improvident because of a substantial misunderstanding as to the maximum punishment.

### I

■ The appellant's first assignment of error lacks merit. In *United States v. Courtney,*[1] the United States Court of Military Appeals determined that the appellant there was denied the equal protection of the law because his drug offense was arbitrarily charged under Article 134, UCMJ, rather than under Article 92, UCMJ, for which a lesser punishment was provided. However, the rule in *Courtney, supra,* was later determined to be applicable only to cases tried or retried after 2 July 1976.[2] The case before us was tried on 8 January 1976 and the mandate of *Courtney, supra,* is not applicable here.

### II

■ We agree with the appellant's allegation that the drug offenses of which he was convicted were multiplicious for punishment purposes. The appellant's three offenses were exposed as a result of a controlled purchase by a Government informer. Immediately following the appellant's sale of amphetamines, he was arrested in his vehicle for that offense and a search incident to his arrest resulted in the remaining charges.

At trial, the military judge determined that the three offenses were not multiplicious for sentence purposes and determined

that as a result thereof the maximum confinement imposable in this case was nine years.[3] It is our view, and we so hold, that the maximum confinement was in fact only five years as the specifications charging possession and sale of amphetamines merged with the charge of possession of marijuana, the latter being the most serious offense. The punishment for that offense was applicable to all the charges.[4] Accordingly, we will reassess the sentence based upon the foregoing error.

### III

■ The holding in the foregoing assignment of error raises the spectre that the appellant's pleas of guilty may have been improvident. However, our review convinces us that any misunderstanding that the appellate may have had with regard to the maximum confinement was not substantial.

As previously noted, the appellant, during the pretrial processing of this case, negotiated a pretrial agreement in which he offered to enter pleas of guilty to the offenses charged in return for the convening authority's agreement to take the action previously enumerated. The pretrial agreement indicates that the appellant and his counsel had a misunderstanding as to the maximum confinement which could be imposed in this case.

■ It has been established that a plea of guilty may be improvident if it is predicated upon a "substantial" misunderstanding on the accused's part as to the maximum punishment to which he or she may be subject.[5]

1. 1 M.J. 438 (1976).

2. *United States v. Jackson,* 3 M.J. 101 (C.M.A. 1977).

3. The trial judge considered Specification 1, Charge I, a two-year offense, Specification 2, Charge I, a two-year offense, and the Specification of Charge II a five-year offense.

4. *See United States v. Towns,* 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974); *United States v. Butler,* 20 C.M.R. 418 (A.B.R.1955); paragraphs

76a (5) and 127c, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Harden,* 1 M.J. 258 (1976); *United States v. Smith,* 1 M.J. 260 (1976); *United States v. Mosely,* 1 M.J. 350 (1976); *United States v. Axley,* 1 M.J. 265 (1976). Also of interest is *United States v. Hughes,* 1 M.J. 346 (1976).

5. *United States v. Harden, supra; United States v. Towns, supra; United States v. Windham,* 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965).

■ The primary responsibility for ascertaining the legal limits of punishment rests upon the trial judge.[6] However, an accused's misunderstanding of the correct maximum punishment does not automatically result in a plea of guilty being held to be improvident.[7]

The United States Court of Military Appeals has not prescribed a fixed formula by which the magnitude of difference between the incorrect maximum punishment and the correct maximum punishment can be readily ascertained.[8] That Court has stated that the standard as to what is a "substantial" misunderstanding of the maximum punishment must be elastic and cannot be defined with mathematical certainty.[9]

Therefore, the inquiry focuses on determining whether the appellant's misunderstanding of a fact or condition upon which the plea of guilty was based was sufficiently "substantial" that he would not have entered that plea had he known the true fact or condition.

Many years of practice before civil and military courts convinces me that there are several factors which must be considered and cumulatively weighed in determining whether an accused's misunderstanding as to the correct maximum punishment is in fact "substantial." I do not believe that any single factor can clearly be dispositive of the issue.

The factors which appear to me to be important are (1) does the quality and quantum of the pretrial evidence dictate that an accused take a given course of action?; (2) what significance did trial defense counsel's experience in similar type cases at the place of trial or within the judicial circuit have on the terms of a negotiated plea?; (3) what significance if any did counsel's knowledge of the inclinations of the convening authority and his staff judge advocate in similar type cases have upon the determination to offer a given proposal?; (4) what was the degree of error in the misunderstanding of the maximum punishment?; (5) what aspect or part of the maximum punishment was misunderstood?; (6) what relationship, if any, exists between the terms of the negotiated agreement and the correct maximum punishment?; (7) where there is a negotiated plea and the basis of that plea is grounded upon improper understanding of an element or aspect thereof, does that agreement represent a fair agreement and was the bargain struck realistic in light of the totality of circumstances of the case?; and finally, (8) what was the actual impact of the misunderstood element of the plea in light of the actual sentence resulting from the trial?

Applying the foregoing principles to the facts of this case, I find that the pretrial evidence from a practical viewpoint, dictated that it would be in the best interests of this appellant to negotiate a plea in an effort to gain the most acceptable terms possible under the circumstances.

Counsel's understanding of the limits of the convening authority's discretion with regard to his judgment concerning acceptance of proposed pretrial agreements, their understanding of the past history of previous court judgments and/or judge's decisions in similar type cases require a subjective review. Seldom, if ever, are facts contained in the record of trial which would aid in appellate court in this area. However, I believe these factors are significant in determining what offer is submitted to a convening authority in a given case.

The appellant's offer to plead guilty was based upon a misunderstanding only as to the maximum confinement. He believed

6. United States v. Harden, supra.

7. See United States v. Kilgore, 22 U.S.C.M.A. 67, 46 C.M.R. 67 (1972); United States v. Kleinhans, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964); United States v. Sproles, 48 C.M.R. 278 (A.C.M.R. 1974); United States v. DuPuis, 48 C.M.R. 49 (A.C.M.R. 1973).

8. United States v. Harden, 1 M.J. at 260. However, Chief Judge Fletcher, concurring separately in Harden, supra, stated that he viewed a miscalculation of the period of imposable confinement which approaches 100 percent as "substantial."

9. Id.

that he was faced with a maximum of nine years confinement when in fact it was five years. The degree of error was less than 100 percent.

The pretrial agreement with the convening authority removed the possibility of the appellant receiving a dishonorable discharge. In addition, it limited the actual confinement to be served to a period of four months with suspension of the balance of the confinement adjudged for a period of 12 months. The pretrial agreement did not affect any other aspect of the sentence. The actual punishment imposed represented, as to confinement, less than seven percent of that which could have been legally imposed under the circumstances in this case.

The actual sentence imposed upon the appellant pursuant to his pretrial agreement was, I believe, so lenient in view of the totality of the facts in this case that the appellant could not anticipate receiving a sentence of less severity even if the correct maximum confinement had been applied in this case. On balance, the circumstances dictate that the appellant would have entered his plea of guilty even had he known the true maximum punishment. Accordingly, his misunderstanding could not have been substantial in this case.

The assignment of error set forth by the appellant in his request for appellate counsel has been reviewed and is considered to be without merit.

The findings of guilty are affirmed. Reassessing the sentence in light of the foregoing error and the entire record, the Court affirms the sentence.

DRIBBEN, Judge, concurring in result:

The real maximum period of confinement faced by appellant, as provided for in his negotiated pretrial agreement, was four months.* All of the facts persuade me that appellant's agreement was as attractive in terms of a five-year potential as one of nine years. In arriving at this conclusion, I found it impossible to determine the defense counsel's understanding of the convening authority's and staff judge advocate's inclinations or his interpretation of the past history of previous decisions in similar cases. Because these matters are speculative and not a matter of record, I disassociate myself from their consideration in ascertaining the providency of this plea.

COOK, Senior Judge, dissenting:

I disagree with my brethren and would order a rehearing in this case for the reasons I have previously expressed in *United States v. Jones*, 3 M.J. 869 (A.C.M.R. 12 July 1977). Additionally, I take this opportunity to comment on an unseemly practice which occurred in this and other cases we have had occasion to recently review. The appellant in this case was represented at trial by a civilian defense counsel and yet the post-trial *Goode*** review was accomplished by the regularly appointed defense counsel. While appellate courts may indulge all manner of theories to arrive at a conclusion that appellant was not prejudiced by this process, it would be a better practice if the proof of service required by the *Goode* rule specified why the counsel personally selected by the appellant to defend him was not the counsel provided with the post-trial review for comment.

---

* The convening authority agreed to suspend any confinement in excess of four months for a period of 12 months. Any confinement beyond four months imposed upon appellant would only result from his future wrongdoing.

** *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).