**UNITED STATES, Appellee,**

v.

**Private First Class Gerald K. RIGGS, SSN 243–88–0306, United States Army, Appellant.**

**CM 434219.**

U. S. Army Court of Military Review.

31 Oct. 1977.

Colonel Alton H. Harvey, JAGC, Lieutenant Colonel James Kucera, JAGC, Captain Sammy S. Knight, JAGC, and Captain Ronald Riggs, JAGC, were on the pleadings for appellant.

Lieutenant Colonel Donald W. Hansen, JAGC, Lieutenant Colonel John T. Sherwood, Jr, JAGC, Major Steven M. Werner, JAGC, and Captain Conrad J. Rybicki, JAGC, were on the pleadings for appellee.

Before COOK, Senior Judge, and DRIBBEN and DeFORD, JJ.

OPINION OF THE COURT

DRIBBEN, Judge:

Appellant was convicted, pursuant to his pleas, of two specifications of sale on separate occasions of mandrax tablets in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 and of another three specifications involving sale and possession of heroin and marijuana at

---

6. Appellate government counsel concede that the appellant's plea was improvident under the facts of this case.

essentially the same time and place in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1]

Appellant entered his pleas of guilty pursuant to a pretrial agreement with the convening authority in which any sentence in excess of a dishonorable discharge, confinement at hard labor for 24 months, total forfeitures and reduction to the lowest enlisted grade would be suspended.[2] The trial judge with whom the parties to the trial were in agreement, erred in his determination that the specifications laid under Article 134, UCMJ, were not multiplicious for sentencing purposes. *See United States v. Frangoules*, 24 U.S.C.M.A. 317, 52 C.M.R. 28, 1 M.J. 467 (1976); *United States v. Mosely*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976); *United States v. Hughes*, 24 U.S.C.M.A. 169, 51 C.M.R. 388, 1 M.J. 346 (1976); *United States v. Axley*, 24 U.S.C. M.A. 84, 51 C.M.R. 257, 1 M.J. 265 (1976). Based upon this error, he sentenced appellant based on a maximum of 29 years confinement rather than a correct maximum of 14 years.

Appellant, before us, contends that his pleas of guilty were rendered improvident by reason of a misconception as to the maximum imposable sentence to confinement. We disagree.

The Court of Military Appeals has held that a plea of guilty may be improvident if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment imposable. *United States v. Harden*, 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976); *United States v. Bowers*, 24 U.S.C.M.A. 5, 51 C.M.R. 5, 1 M.J. 200 (1975); *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974). However, that Court has not prescribed a "fixed formula by which to determine the magnitude of difference in punishment that would warrant vacating a plea of guilty as improvident." The Court's approach has been to apply an elastic standard which can produce different results in seemingly similar cases. *Harden, supra*.[3]

Looking to the entire record of trial we find that appellant's overriding concern expressed in his unsworn presentencing testimony was with the prospect of completing his enlistment and ultimately receiving an honorable discharge and not with confinement.[4] We find no reason to believe that appellant would not have entered into his pretrial agreement and pled guilty pursuant thereto had he known the proper maximum period of confinement. Furthermore, the limitations upon the sentence the convening authority was permitted to approve, further reduce the impact of appellant's misapprehension of the maximum allowable confinement. In any event, because appellant was sentenced under such a misapprehension by the trial judge, we will reassess.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the

---

1. As this case was tried before 2 July 1976, the decision in *United States v. Courtney*, 23 U.S.C. M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976) is not applicable. *United States v. Jackson*, 3 M.J. 101 (CMA 1977).

2. Any question as to the period of suspension was resolved when the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for 24 months, total forfeitures, and reduction to the lowest enlisted grade.

3. Chief Judge Fletcher concurring in *Harden, supra*, 24 U.S.C.M.A. at page 78, 51 C.M.R. at page 251, 1 M.J. at page 260, views a miscalculation of the maximum period of confinement which approaches 100 percent as "substantial."

4. This conclusion is supported by the following questions by trial defense counsel and appellant's answers thereto:

"Q: Whatever punishment you receive in this case what's your most important goal?
A: To continue active service, sir. I'd very much like to stay in the Army, sir.
Q: Do you want to get an honorable discharge?
A: Very much so, sir.
Q: Is that the most important thing to you?
A: It's the most right now, sir.
*  *  *  *  *  *
Q: Have you got anything else you would like to say?
A: Just that I'd like to continue my service in the Army, sir, that I would really like an honorable discharge and stay in the Army."

above-indicated error and the entire record, the sentence is affirmed.

Judge DeFORD concurs.

COOK, Senior Judge, dissenting:

I do not concur.

I find that appellant's guilty plea was predicated on a substantial misunderstanding as to the maximum punishment to which he was subjected and therefore would hold that his plea was improvident. *United States v. Harden,* 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976). While an inquiry posed to appellant by the judge at trial might have elicited a response clearly indicating that appellant was willing to plead guilty regardless of the ultimate decision as to the legal maximum sentence (*see United States v. Frangoules,* 24 U.S.C.M.A. 318, 52 C.M.R. 29, 1 M.J. 467 (1976); *United States v. Harden, supra; United States v.*

*Kleinhans,* 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964)), no such colloquy occurred in this case. The exchange between counsel and appellant quoted by the majority in footnote four is not, in my view, of sufficient preciseness and clarity to permit me to conclude that appellant would have waived his constitutional right to plead not guilty had he known the actual maximum confinement was less than half of that which he had been informed.

Consequently, I would reverse and authorize a rehearing.