**UNITED STATES, Appellee,**

v.

**Barry L. BOWERS, Specialist Four, U. S. Army, Appellant.**

**No. 30,811.**

U. S. Court of Military Appeals.

Oct. 24, 1975.

*Colonel Alton H. Harvey, Captain John C. Carr* and *Captain John R. Osgood* were on the pleadings for Appellant, Accused.

*Captain John F. DePue* and *Captain Joel M. Martel* were on the pleadings for Appellee, United States.

OPINION OF THE COURT

PER CURIAM:

Pursuant to his pleas of guilty, the appellant was convicted at his general court-martial of charges laid under Article 134 of the Code [1] alleging three specifications of wrongful distribution of lysergic acid diethylamide (LSD), in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a dishonorable discharge, confinement at hard labor for 4 years, and forfeiture of all pay and allowances. The convening authority approved the findings and sentence, except he reduced the forfeitures to $228 per month for 12 months and suspended imposition of the dishonorable discharge for 6 months.

■ All parties at trial operated under the misconception that the maximum sentence to confinement to which appellant was subject was 30 years, rather than 15.[2] Additionally, the appellant pleaded guilty

---

1. Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

2. Wrongful and intentional distribution of LSD, listed under schedule III of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(a)(1), is punishable, in pertinent part, by confinement at hard labor for a maximum of 5 years per offense—a total of

15 years in the case sub judice. All parties at the trial level, however, erroneously relied upon the maximum sentence listed in the Table of Maximum Punishments, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Rev.), of 10 years for each offense involving a *habit-forming* drug—an incorrect maximum of 30 years in this case.

pursuant to a pretrial agreement which, undoubtedly, was negotiated under a similar misconception as to the maximum sentence to confinement. A plea of guilty may be improvident if it is predicated upon a substantial misunderstanding on the accused's part as to the maximum punishment imposable. *United States v. Zemartis,* 10 U.S.C.M.A. 353, 27 C.M.R. 427 (1959); *United States v. Hamil,* 8 U.S.C.M.A. 464, 24 C.M.R. 274 (1957). Since the difference between the maximum sentence as perceived and that actually imposable in all likelihood seriously affected the negotiations leading to the pretrial agreement, the guilty pleas entered pursuant to that contract must be said to have been improvidently entered. *United States v. Turner,* 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968).

The decision of the U. S. Army Court of Military Review is reversed and the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.