UNITED STATES

v.

**Airman First Class Russell T. CLIFFORD, FR 485–80–0414 1840th Supply Squadron 1840 Air Base Wing (AFCS).**

ACM 21884.

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 May 1975.

Decided 25 Nov. 1975.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Captain Martin F. McAlwee, USAFR. Appellate counsel for the United States: Colonel C. F. Bennett, Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

## DECISION

EARLY, Judge:

Contrary to his pleas, the accused was convicted by general court-martial, military judge alone, of possession with intent to

distribute lysergic acid diethylamide (LSD), in violation of 21 U.S.C. § 841(a)(1) and Article 134, 10 U.S.C. § 934, wrongful use of lysergic acid diethylamide, in violation of Article 92, and drunk on duty, in violation of Article 112, all Uniform Code of Military Justice. The approved sentence extends to a bad conduct discharge, confinement at hard labor for nine months, forfeiture of $229.00 per month for nine months and reduction to airman basic.

Appellate defense counsel have assigned no errors, but have merely invited our attention to a number of errors asserted by the trial defense counsel in challenging the staff judge advocate's post-trial review pursuant to the mandate established in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). We find it appropriate to discuss only one of the issues raised therein.

At trial, the defense moved for appropriate relief on the ground that, in his pretrial advice, the staff judge advocate had improperly advised the convening authority that the maximum confinement authorized for possessing LSD with intent to distribute, as alleged in the specification of Charge I, is five years, as prescribed in the United States Code,[1] rather than one year, as provided in the District of Columbia Code.[2] As a result, counsel argued, the convening authority may have been influenced by the erroneous advice to refer the case to a general court-martial, rather than to an inferior court. The military judge denied the motion and in imposing sentence, computed the maximum confinement on the basis of five years for the LSD possession offense. Having agreed with the military judge's computation, the staff judge advocate then advised the convening authority that the maximum punishment authorized upon conviction of all charges and specifica-

tions was dishonorable discharge, total forfeitures, confinement at hard labor for seven years and nine months, and reduction to airman basic.

■ Court-martial punishment is based upon violations of the Uniform Code of Military Justice, and the limits of the punishment cannot exceed those prescribed by the Code and the President of the United States. *United States v. Middleton*, 12 U.S. C.M.A. 54, 30 C.M.R. 54 (1960). When an accused is convicted of an offense which has been charged under Article 134 as a violation of a specific United States Code provision, the maximum penalty for that offense is as provided in the Table of Maximum Punishments for the same or a closely related offense, or for an offense in which the offense charged is included. Manual for Courts-Martial, 1969 (Rev.), paragraph 127 *c*; *United States v. Culley*, 12 U.S.C. M.A. 704, 31 C.M.R. 290 (1962); *United States v. Middleton*, supra. If the offense, or a closely related offense, is not listed in the Table of Maximum Punishments and is not included within an offense listed, it is punishable as authorized by the United States Code or the Code of the District of Columbia, whichever prescribed punishment is lesser, or as authorized by the custom of the service. Manual for Courts-Martial, supra, paragraph 127 *c*; *United States v. Turner*, 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968).

■ There is no crime listed in the Table of Maximum Punishments which is precisely identical to that proscribed by 21 U.S.C. § 841(a)(1). However, in the Air Force, possession of LSD is specifically prohibited by regulation,[3] violation of which is punishable under Article 92(1), UCMJ. We believe this to be the "closely related" offense specified in the Manual, supra.

---

1. 21 U.S.C. § 841(b)(1)(B).

2. 33 DCC §§ 701, 708. On 27 December 1974, LSD was added to the list of dangerous drugs covered by Section 701. See DC Council Regulation 74–79, 21 DC Register 1525–6.

3. Air Force Regulation 30–2, Social Actions Program, paragraphs 4–46 and 4–2, 1 August 1974.

Therefore, the maximum confinement authorized upon conviction of the specification in issue should have been computed as two years, as proscribed in the Table of Maximum Punishments for Article 92(1) violations. Here the convening authority, in referring the case for trial, and in reviewing the proceedings, and the military judge, in imposing sentence, erroneously considered the offense in issue as permitting five years confinement at hard labor, rather than two years, as a maximum punishment. We do not believe that advice as to the correct maximum confinement imposable upon conviction of all charges and specifications, four years and nine months, as opposed to seven years and nine months, would have affected the convening authority's decision to refer the case to trial by general court-martial, but we do find that the accused was prejudiced by the military judge's erroneous computation, and by the incorrect advice given the convening authority in the staff judge advocate's post-trial review. Under the circumstances of this case we find reassessment of the sentence to be an appropriate curative. Accordingly, so much of the sentence as exceeds a bad conduct discharge, confinement at hard labor for six months, forfeiture of $229.00 per month for six months and reduction to airman basic is hereby set aside.

The findings of guilty, and the sentence, as modified herein, are affirmed.

LeTARTE, Chief Judge, and ORSER, Judge, concur.