UNITED STATES

v.

Specialist Four William L. BROTHERTON, 255–98–4900, U.S. Army, 527th Transportation Company (CAR), VII Corps Special Troops Battalion, VII Corps, APO 09107.

**CM 434146.**

U. S. Army Court of Military Review.

Sentence Adjudged 1 Dec. 1975.

Decided 23 April 1976.

---

Appellate Counsel for the Accused: CPT Michael V. Smith, JAGC; CPT Lawrence E. Wzorek, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

MOUNTS, Judge:

The appellant was convicted pursuant to his pleas of guilty of attempting to wrongfully sell two tablets of lysergic acid diethylamide (LSD) in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 and wrongfully possessing 38 tablets of lysergic acid diethylamide (LSD) in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The approved sentence is set out above.

The military judge in conducting the providency inquiry assumed that the offenses were separately punishable and stated that the maximum punishment included confinement at hard labor for four years. In fact, all parties to the proceedings on 1 December 1975 shared and relied upon the validity of this assumption. The United States Court of Military Appeals on 16 January 1976, however, held in *United States v. Smith*[1] with offenses almost identical to this case, that the offenses were so integrated as to emerge as a single event subject only to a single punishment. Thus, the maximum punishment in this case was erroneous and should have included only two years confinement at hard labor. The United States Court of Military Appeals further

stated in *United States v. Harden*[2] that a plea of guilty may be improvident because it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject. The Court noted that this standard is elastic and can produce different results in seemingly similar cases. The Court then went on to hold that a ten year difference in confinement between the legal maximum and the maximum upon which the accused predicated his plea of guilty was substantial. The Court opined that even a substantial difference may not be material to the accused when the defense counsel indicated his awareness that the offenses might not be separately punishable but that in any event the accused would still stand by his negotiated plea.

In this case, the pretrial agreement, in which the convening authority agreed not to approve a period of confinement in excess of eighteen months, was negotiated under a mistaken assumption as to the maximum punishment. In addition, the trial defense counsel did not indicate a desire to stand by the plea regardless of the correctness of the determined maximum punishment. This Court does not see any judicial merit, however, to now proceed to set aside the findings as if we were answering a mathematical equation. As previously noted, we may consider the substantial misunderstanding standard as an elastic standard. In applying such an elastic discretion we will consider all relevant factors in the record. While it is true that a reduction from a maximum of four years confinement at hard labor to two years confinement at hard labor is a 100 per cent reduction in confinement, such a comparison does not compel only one result. We find that there was not a substantial misunderstanding on the accused's part of the maximum punishment. A difference of two years under these circumstances is not substantial. We find that the misunderstanding would not

1. 24 U.S.C.M.A. 79, 51 C.M.R. 252, 1 M.J. 260 (1976).

have effected the accused's plea of guilty and the detailed inquiry of the military judge assures us that the accused was in fact guilty of the offenses. But, we recognize that accurate knowledge of the correct maximum punishment might have influenced the accused to take his chances and plead not guilty. In this case, however, that does not appear to be a prudent alternative. The prejudice to the accused rests in the fact that prior accurate knowledge of the maximum punishment would have placed the accused in a better bargaining position in negotiating the pretrial agreement and placed him in a more favorable position in regard to the determination of an appropriate sentence throughout the subsequent judicial process. Our action on the sentence in this case will take into consideration this resulting prejudice as to the sentence. We will make a material reassessment of the sentence to remedially resort and give due recognition to the accused's enhanced bargaining position while balancing the fact that if a new agreement were to be negotiated, the convening authority could properly consider that the offenses were separate for purposes of findings and thus as a factor in aggravation to be considered within the new maximum limits for confinement at hard labor. Of course, the approved sentence portion of nine months confinement at hard labor in this case, places an automatic nine month confinement at hard labor ceiling on the confinement portion of any possible further negotiations for a pretrial agreement if this case were returned for a rehearing. This factor in and of itself gives the accused a considerable benefit.

Prior to reassessing the sentence, however, this Court wishes to consider and note several other factors. The Government entered into the pretrial agreement in this case with a *bona fide* reliance on *stare decisis* that the existing case law permitted an assumption that four years confinement at hard labor was the correct maximum punishment. As of 16 January 1976 such reliance was altered. Nothing will be gained, however, from the stand point of an appellate court's inclination to supervise the justice system, by compelling that in all affected cases the findings must be set aside, no matter when the cases were tried. In cases where the weighing of the issue of a "substantial difference" results in a close discretionary decision, little is served by setting the findings aside. It is time enough for more effective action, if necessary, after the pragmatic effects of the 16 January 1976 decisions can be judicially discerned. In addition, the accused has served almost one half of the confinement portion of his sentence as approved. Under these circumstances it would appear to be in the best interest of the accused to terminate these proceedings at this time with an appropriate reassessment of the sentence. This would avoid the alternative of further protracted litigation, which would add substantial additional costs to the Government, by setting the findings and sentence aside and returning the case for a possible rehearing.

Accordingly, the findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $200.00 pay per month for four months, and reduction to the grade of Private (E–1).

Senior Judge CARNE and Judge MITCHELL concur.