UNITED STATES

v.

Staff Sergeant Charles R. CAREY, Jr., FR 323–42–0306 Headquarters, 22d Bombardment Wing, Fifteenth Air Force (SAC).

ACM 21881 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 April 1975.

Decided 9 Aug. 1976.

Appellant counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before ROBERTS, HERMAN and ORSER, JJ.

DECISION UPON FURTHER REVIEW

PER CURIAM:

By order dated 5 April 1976, the United States Court of Military Appeals vacated our original decision in this case and remanded the record of trial with directions that we hold further proceedings in abeyance pending that Court's disposition of a case then before it containing an issue common to this and numerous other cases. The issue for resolution was whether an accused is denied due process and equal protection of the law by being prosecuted for drug offenses under Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934, thereby subjecting him to a greater punishment than if prosecuted under Article 92 of the Code, supra, for violation of a regulation.

By decision dated 2 July 1976, the Court of Military Appeals decided the issue in the affirmative and ruled that the maximum punishment for drug offenses is limited to

that imposable under Article 92. *United States v. Courtney*, 1 M.J. 438 (1976). The Court found a "fair risk" or prejudice to Courtney, in spite of the fact that the Army Court of Military Review had previously reduced his confinement and directed the case be remanded to the Army Court for further sentence curative action. With the *Courtney* decision as guidance, we have examined the record to determine whether the accused in this case suffered prejudice as to sentencing by virtue of the manner in which he was charged for drug offenses. We answer in the negative.

The accused stands convicted of three drug related offenses. Two of them, wrongful possession of an unspecified quantity of heroin and wrongful transfer of heroin, were charged under Article 134 of the Code, supra. The third, conspiracy to smuggle heroin into the United States aboard military aircraft, was charged as a violation of Article 81 of the Uniform Code. At trial, all parties agreed that the maximum authorized confinement for the offenses totaled 35 years. That total was calculated on the basis of 10 years confinement for each of the Article 134 offenses plus 15 years for the conspiracy charge.

■ The punishment for the conspiracy offense represented an application of the penalty provisions of Title 21, Section 952, of the United States Code, which prescribes a maximum punishment of 15 years imprisonment for importation of heroin into the United States. That statute was deemed applicable, rightly so, on the basis that the Manual for Courts-Martial prescribes that persons found guilty of conspiracy shall be subject to the maximum punishment authorized for the offense which is the object of the conspiracy. Manual for Courts-Martial, supra, paragraph 127c (Table of Maximum Punishments, footnote 4). As charged, the conspiracy contained three unlawful objects: (1) wrongful importation of heroin into a military aircraft for the purpose of transfer; (2) unlawful importation of heroin into the United States, and (3) wrongful transfer of heroin to another individual. As the most serious was the second of the three, it was determined that the punish-

ment for that aspect of the offense applied. Recourse to the cited statute of the United States was appropriate, pursuant to the third clause of Article 134, Code, supra, "crimes and offenses not capital," since such conduct is not specifically made punishable by any other Article of the Code, nor included within listed offenses, nor even proscribed by the Air Force drug regulation, AFR 30–2, Social Actions Guide, 1 August 1974. Manual for Courts-Martial, supra, paragraphs 213a and e.

■ As indicated, during trial the defense made no motion nor suggestion that the heroin offense penalties be limited to those imposable for violating Article 92, Code, supra. Though such defense passivity ordinarily precludes appellate relief even as to weighty matters (See *United States v. Buchholtz*, 47 C.M.R. 177 (A.C.M.R. 1973), and cases cited therein), for purposes of this inquiry we will assume that each of the Article 134 offenses should have been limited to a two-year maximum confinement period rather than the agreed upon 10-year term. Thus, the maximum imposable period of confinement should have been 19 years instead of the 35 years the trial participants considered applicable.

After considering the evidence and argument of counsel, the military judge, who sat alone, sentenced the accused to a bad conduct discharge, confinement at hard labor for 24 months, forfeiture of $180.00 per month for 24 months, and reduction to airman basic. The convening authority subsequently approved the adjudged sentence. Using the 19-year maximum confinement penalty as a yardstick, we see no fair risk that the accused was prejudiced as to sentence.

The sentence imposed was obviously far less severe than the appropriate maximum confinement punishment here calculated. Of utmost significance, moreover, the gravamen of all the charged misconduct was the accused's role as a principal in the heroin smuggling scheme. Though he was also sentenced for related heroin possession and transfer offenses, his most serious crime, and without question the one which weighed the heaviest against him for sen-

tencing purposes, was his involvement in the 15-year maximum confinement heroin conspiracy. In these circumstances, we are convinced the military judge was not appreciably influenced to the accused's detriment by the theoretically greater maximum punishment exposure arising from the Article 134 manner of charging the heroin possession and transfer offenses.

For the reasons stated, the findings of guilty and the sentence are again

Affirmed.