UNITED STATES

v.

George R. NEVILLS, 444 58 6480, Lance Corporal (E–3), U. S. Marine Corps.

NCM 75 1456.

U. S. Navy Court of Military Review.

Sentence Adjudged 18 March 1975.

Decided 17 Jan. 1977.

CAPT Paul H. Duvall, USMCR, Appellate Defense Counsel.

CAPT Charles P. Mackin, Jr., USMCR, Appellate Government Counsel.

Before MURRAY, Senior Judge, and CRANDELL and GLADIS, JJ.

CRANDELL, Judge:

This appellant was convicted pursuant to his pleas of four specifications alleging drug-related violations of Article 92 of the Uniform Code of Military Justice, 10 U.S.C. § 892. The actual offenses consisted of possession of LSD on two occasions, sale of LSD and possession of marijuana. He was sentenced by the general court-martial that tried his case to a dishonorable discharge, confinement at hard labor for 2 years, total forfeitures and reduction to pay grade E–1. The convening authority reduced the con-

finement to 15 months and otherwise approved the sentence and findings.

The appeal was originally filed without specific assignment of error. We affirmed the findings and sentence. *United States v. Nevills,* No. 75 1456 (N.C.M.R. 18 Aug. 1975). The Court of Military Appeals vacated our decision and remanded the record of trial for further review in light of that Court's resolution of certain cases then pending before it. *United States v. Nevills,* No. 31,250 (U.S.C.M.A. 9 Feb. 1976). We will now reconsider the record and supplemental assignments of error in light of existing case law.

Appellant notes that the LSD possession, alleged in specification 7, and the marijuana possession, alleged in specification 8, occurred at the same place and time. These specifications should have been considered multiplicious for sentencing purposes. *United States v. Hughes,* 1 M.J. 346 (1976). We will take corrective action.

Appellant also maintains that his case presents a fact situation that is the converse of *United States v. Courtney,* 1 M.J. 438 (1976). He argues that his possession of marijuana and LSD could have been charged as violations of Article 134, crimes or offenses not capital, prohibited by 21 U.S.C. § 844(a). He asserts that the punishment prescribed by that statute for a "first offender", which includes imprisonment for not more than one year, should have operated to limit the permissible court-martial sentence to no more than one year of confinement and the attendant penalties for each offense. *See Manual for Courts-Martial, United States, 1969* (Revised edition), par. 127(*c*)(1). He would have us find that his right to equal protection of the laws was violated because he was charged and sentenced under Article 92, and was thus exposed to the more substantial maximum term of 2 years confinement.

With respect to the possession of marijuana, appellant's argument is rebutted by the *Manual for Courts-Martial.* The *Manual* provides that "[t]he punishment stated opposite each offense listed in the Table of Maximum Punishments is hereby prescribed as the maximum punishment for that offense . . . ." MCM, par. 127(*c*)(1) (Rev.). This paragraph directs that only when an offense is neither listed in the Table of Maximum Punishments, nor closely related to nor included within a listed offense should the United States Code be consulted to determine the authorized maximum punishment. *See also United States v. Walter,* 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971); *United States v. Oakley,* 11 U.S.C.M.A. 529, 29 C.M.R. 345 (1960); *United States v. Carey,* 1 M.J. 1199 (A.F.C.M.R. 1976). Wrongful possession of marijuana in violation of Article 134 is an offense listed in the Table of Maximum Punishments, The Table assigns a maximum term of 5 years confinement for that offense. MCM, page 25–15. Hence, there is no need to refer to 21 U.S.C. § 844 to determine the authorized maximum confinement.

Wrongful possession of LSD in violation of Article 134 is not an offense listed in the Table of Maximum Punishments. However, it is an offense closely related to another offense proscribed by the Code, wrongful possession of LSD in violation of Article 92. Appellant concedes this close relationship by his argument that the identical conduct can be charged as a violation of either Article. He maintains that there was no rational justification for distinguishing between these punitive Articles when the decision to charge was made. In *United States v. Clifford,* 1 M.J. 738 (A. F.C.M.R. 1975), *pet. den.,* No. 31,592 (U.S. C.M.A. 15 March 1976), the Air Force Court of Military Review held that the offense of possession of LSD with intent to distribute, which had been charged as a violation of Article 134 and 21 U.S.C. § 841(a)(1) was closely related to the offense of possession of LSD in violation of Air Force regulations and Article 92. For this reason the Court found that the maximum punishment upon conviction of the specification should have been computed as 2 years, as provided in the Table of Max-

imum Punishments for a violation of Article 92. A recognition of the close relationship between these offenses is present in decisions which have turned upon the application of Footnote 5 of par. 127(c) of the *Manual* to drug possession offenses laid under Article 92. Footnote 5 will cause the reduction of the permissible maximum punishment for an Article 92 offense only when, in the absence of the order or regulation violated, the same facts would form the basis of a conviction for a different offense for which the Table of Maximum Punishments prescribes a lesser penalty. The question presented in *United States v. Ross*, 47 C.M.R. 55 (A.C.M.R.1975) (en banc), *pet. den.*, 48 C.M.R. 1000 (1973), was whether the maximum confinement authorized for possession of LSD, when charged as a violation of Article 92, is the 2 year term provided by the Table for an Article 92 violation, or 1 year as provided by federal statute. The Army Court of Military Review refused to extend the operation of Footnote 5 to an offense for which a lesser punishment is not specifically set out in the Table, and held that the allowable maximum term of confinement was the 2 year term allowed for the Article 92 offense. *Accord, United States v. Kimmel*, 48 C.M.R. 883 (N.C.M.R.1974); *contra, United States v. Noble*, 46 C.M.R. 1211 (N.C.M.R.1973).

■ Because the offense of wrongful possession of LSD charged as a crime or offense not capital under Article 134 is not listed in the Table of Maximum Punishments, but is closely related to the offense of wrongful possession of LSD in violation of Article 92, the *Manual* directs that the maximum term of confinement be established by reference to the term allowed for the Article 92 violation. MCM, par. 127(c); *United States v. Clifford, supra.* Because the Table does not list a maximum authorized confinement term under Article 134 for wrongful possession of LSD, Footnote 5 will not cause a reduction in the term prescribed for the offense charged under Article 92. *United States v. Ross, supra; United States v. Kimmel, supra.* Just as in the case of wrongful possession of marijuana

charged under Article 134, there is no mechanism by which the penalty scheme established by the United States Code can be imported into the punishment limitations authorized for violation of the general Article by wrongful possession of LSD. *Cf. United States v. Hughes, supra.*

■ The Constitutional violation of the right to equal protection of the laws, found in *Courtney*, was grounded in the "existence of two statutes which because of the table of maximum penalties punish virtually identical conduct in different ways," 1 M.J. 441 and the absence of statutory guidance to prevent arbitrary decisions to invoke the Article which carries the more substantial penalty. Since the penalty provisions of 21 U.S.C. § 844 were not available to reduce the authorized confinement ceiling, which attended appellant's offenses, below the confinement term prescribed for a violation of Article 92, appellant's right to equal protection as defined in *Courtney* was not abridged. Because no "difference in penalty consequences," *id.*, was generated by the accuser's decision to charge the offenses under Article 92, rather than as violations of the Article 134 prohibition against crimes or offenses not capital, no violation of appellant's Constitutional rights arose as a result of the charging process.

■ In light of the multiplicity for sentencing purposes between specifications 7 and 8, the actual maximum authorized term of confinement in this case is 6 years, rather than the 8 years noted at trial. We do not find that this discrepancy raises doubt as to the providency of appellant's pleas of guilty under *United States v. Harden*, 1 M.J. 258 (1976). The difference between the actual and perceived maximum terms of confinement was not so great as to have created a substantial misunderstanding on appellant's part as to the maximum punishment to which he was subject as a result of his pleas. We will, however, reassess the sentence to reflect the correct permissible range of punishments.

The findings and so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for 13 months, total forfeiture of all pay and allowances, and reduction to pay grade E–1 are affirmed.

Senior Judge MURRAY and Judge GLADIS concur.