UNITED STATES, Appellee,

v.

Specialist Four Gary W. JOHNSON, SSN 381–64–5830, United States Army, Appellant.

CM 435136.

U. S. Army Court of Military Review.

25 Aug. 1977.

Colonel Alton H. Harvey, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain D. David Hostler, JAGC, and Captain James Recasner, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major John T. Sherwood, Jr., JAGC, Captain William C. Kirk, JAGC, and Captain Stephen S.

Phillips, JAGC, were on the pleadings for appellee.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT

FELDER, Judge:

The appellant was charged with the simultaneous possession of marihuana and lysergic acid diethylamide (LSD), and also with possessing the same LSD with intent to distribute. He was charged under the third clause of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, with violating the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. §§ 801–966 (1970). Believing that the maximum punishment for the three offenses included confinement at hard labor for twelve years, the appellant entered into a pretrial agreement with the convening authority to plead guilty. The convening authority agreed not to approve confinement in excess of eighteen months. The trial judge determined that for sentencing purposes the offenses of possession of marihuana and possession of LSD merged into the greater offense of possession of LSD with intent to distribute. He ruled that the maximum confinement imposable was ten years. The appellant reaffirmed his desire to plead guilty in spite of the two years difference between the convening authority's and trial judge's conceptions of the maximum punishment.

The Government on appeal agrees that the offenses were multiplicious but asserts that the correct maximum punishment includes five years of confinement pursuant to the provisions of 21 U.S.C. § 841(b)(1)(B). We disagree with that position.

■ When an accused is convicted of an offense under Article 134 as a violation of a specific United States Code provision, the maximum penalty is that provided in the Table of Maximum Punishments for the same or a closely related offense, or for an offense in which the offense charged is included. (Manual for Courts-Martial, United States, 1969 (Revised edition)). If the offense or a closely related offense is not listed in the Manual for Courts-Martial and is not included within an offense listed, it is punishable as authorized by the United States Code or the District of Columbia Code, whichever prescribed punishment is lesser. Paragraph 127c, MCM, 1969 (Rev.); *United States v. Turner*, 14 U.S.C.M.A. 55, 39 C.M.R. 55 (1969).

The possession of LSD with intent to distribute is not specifically proscribed in the Table of Maximum Punishments, nor it it closely related to any offense listed therein.[1] Therefore, it is punishable by the United States Code or the District of Columbia Code, whichever is lesser. *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971).[2] The United States Code prohibits the distribution of LSD and the possession of LSD with the intent to distribute. It prescribes five years imprisonment for the violation thereof. On the other hand, the District of Columbia Code establishes a one year penalty for the unlawful possession or delivery of LSD.[3]

---

1. We are well aware of the Air Force Court of Military Review's decision in *United States v. Clifford*, 51 C.M.R. 498, 1 M.J. 738 (A.F.C. M.R.1975), wherein it was held that the offense of possession of LSD with intent to distribute, charged as a violation of Article 134(3), UCMJ, was to be treated as an Article 92 violation for sentencing purposes. That decision is inconsistent with the reasoning in *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971), which held that the maximum punishment for the wrongful sale of LSD, charged as a violation of Article 134(3), was not affected by the fact that such conduct also may have been prohibited by a general regulation.

2. At the time of the *Walter* decision, the possession, sale, manufacture, and distribution of LSD was not prohibited by the District of Columbia Code. That was changed on 27 December 1974, when LSD was added to the list of dangerous drugs covered by 33 D.C.C. § 701. *See* D.C. Council Regulation 74–79, 21 D.C. Register 1525–6.

3. By definition, distribution is included in the term delivery. 33 D.C.C. § 701(2).

The Government points out that possession of LSD with intent to distribute is not specifically proscribed by the District of Columbia Code. While this is true, we believe that the offense is closely related to the offense of distribution of LSD and, therefore, the maximum sentence is one year. To hold otherwise would result in the anomalous situation of punishing the lesser offense more severely than the greater offense.

■ Since all three offenses were multiplicious for sentencing purposes, the maximum imposable sentence was one year. In arriving at this decision, we recognize that under the holding of *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971), the maximum period of confinement for the marijuana offense in this case may have been five years, the penalty provided for in the Table of Maximum Punishments. However, we do not need to resolve that issue. As the Government elected to charge the offenses as violations of Article 134(3), UCMJ, and in view of the fact that all parties to the trial agreed that the maximum period of confinement for the marihuana offense was one year, we hold that that decision is the law of the case. *See United States v. Gutierrez*, 42 C.M.R. 521 (A.C.M.R.1970) (en banc).

■ As the parties to the trial were in accord that the correct maximum confinement for all of the offenses was ten years, the appellant's pleas of guilty were improvident because they were predicated upon a substantial misunderstanding of the maximum imposable sentence, *United States v. Harden*, 1 M.J. 258 (1976); *United States v. Bowers*, 1 M.J. 200 (1975).

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge JONES and Judge FULTON concur.