UNITED STATES, Appellee,

v.

Private (E–1) Carl A. LUNDBERG, SSN 335–52–3762, United States Army, Appellant.

CM 436159.

U. S. Army Court of Military Review.

27 June 1978.

Captain Buren R. Shields, III, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, and Major Benjamin A. Sims, JAGC.

Captain Douglas P. Franklin, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Jack M. Hartman, JAGC.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

OPINION OF THE COURT ON FURTHER REVIEW

COOK, Judge:

Appellant was found guilty, in conformity with his pleas, of one specification of conspiracy (Article 81, Uniform Code of Military Justice (USMJ), 10 U.S.C. § 881), three specifications of forging checks (Article 123, UCMJ), four specifications of larceny (Article 121, UCMJ), and one specification of AWOL (Article 86, UCMJ).

On appeal appellant contends that the court-martial was without jurisdiction with respect to any of the alleged offenses, ex-

cept the unauthorized absence, under the rationale of *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), as applied by the United States Court of Military Appeals in *United States v. McCarthy,* 2 M.J. 26 (C.M.A.1976). While we concur with the appellant as to some offenses, we disagree with him as to others.

For convenience, we will discuss the contested charges seriatim.

I

■ The specification alleging the conspiracy reads, in pertinent part, as follows:

In that Private E–1 Carl A. Lundberg . . . did at Fort Ord, California, . . . conspire with [another] to commit an offense under the Uniform Code of Military Justice, to wit: Larceny, and in order to effect the object of the conspiracy the said Private . . . Lundberg did . . . make checks for presentation of funds; and the said Private . . . Lundberg and [another] did present stolen checks and unlawfully receive funds totaling $220.00.

Although the specification clearly designates an on-post location as the site of the formation of the conspiracy, appellant contends that it was actually arrived at in an off-post location. Concededly, the record is ambiguous on this point,[1] but as we do not

believe that such situs is determinative of the jurisdictional issue, as to this offense, we need not resolve that conflict. Suffice for our purpose to determine that some overt act, committed to further the object of the conspiracy, occurred on post.[2] As it is clear from the record that the forged checks were presented to a bank located on the confines of Fort Ord, and receipt of monies was had by the conspirators at that same location, we find the necessary "service connection" nexus to sustain jurisdiction in the military over the conspiracy charge. (In this connection also see discussion at Part III, *infra.*)

II

■ Next we consider the matter of jurisdiction over the three charges alleging forgery by false making. Once again the specifications assert that the appellant committed these deeds at Fort Ord. The same ambiguity, however, as we alluded to earlier,[3] exists in the record concerning whether that aspect of the allegation is accurate or not.

Since, as Senior Judge Jones states in footnote 11, *United States v. Jessie,* 5 M.J. 573 (A.C.M.R.1978), the element of place must be established beyond a reasonable doubt when it is a critical jurisdictional issue, such an ambiguity means that the Government has failed to meet its burden of proof in this particular. As we find no

---

1. This Court, in a Memorandum Opinion dated 23 March 1978, remanded this case for a *DuBay* hearing in an effort to clarify this factual obtuseness, but the convening authority determined that such a hearing was impracticable and returned the record. *See United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

2. See discussion in Section IV, *United States v. Mixson,* 3 M.J. 886 (A.C.M.R.1977). (This case was remanded to the Court of Military Review for consideration of additional assignments of error, 4 M.J. 114 (C.M.A.1977), and *United States v. Mixson,* 5 M.J. 695 (A.C.M.R.1978), is the latest decision resolving those additional issues.) Appellant argues that the United States Court of Military Appeals' opinion in *United States v. Hedlund,* 2 M.J. 11 (C.M.A. 1976), compels a conclusion that the place of the formation of the conspiracy dictates where

jurisdiction lies. We do not so interpret that decision. In *Hedlund, supra,* the appellant was charged with three offenses, conspiracy to rob, kidnapping, and robbery. The conspiracy was formulated on post while the kidnapping and the robbery were consummated off post. The court held that court-martial jurisdiction would lie as to the on-post offense, *i. e.,* the conspiracy, but not as to the off-post robbery and kidnapping. We do not interpret the court's holding to mean, nor do we deem it an inescapable conclusion to be drawn therefrom, that had the conspiracy been formulated off post, but some of the overt acts committed in furtherance of that conspiracy had occurred on post, a court-martial could not take cognizance of that conspiracy.

3. *See* footnote 1, *supra,* and accompanying text.

other possible basis than situs upon which to bottom court-martial jurisdiction as to these "falsely making" offenses,[4] we are compelled to conclude that the military was without authority over these charges.

### III

Moving on to the four larceny offenses.

■ The first specification asserts that the theft occurred at an off-post location. There is nothing in the record that even obscures, much less contradicts, that allegation. With that point clear, we find that all 12 *Relford* factors weigh in favor of trial by the civilian courts.[5]

The other three larcenies are alleged to have occurred on post and there is no contrary evidence. The appellant at all pertinent phases of the trial clearly admits that the forged checks were uttered at a bank located on Fort Ord. Nevertheless, he contends that there is no jurisdiction in the military because the interest to be vindicated by a court-martial is not sufficiently different from and greater than the interest protected by civilian courts.[6] Appellant's argument ignores, however, the rather explicit language to be found in the *Relford* decision concerning the sanctity of a military post:

> This leads us to hold, and we do so hold, that when a serviceman is charged with an offense committed within or at the

geographical boundary of a military post and violative of the security of a person or of property there, that offense may be tried by a court-martial. Expressing it another way: a serviceman's crime against the person of an individual upon the base or against property on the base is "service connected," within the meaning of that requirement as specified in *O'Callahan*, 395 U.S., at 272, 89 S.Ct. at [1683] 1687.[7]

Consequently, we hold that as to these three larcenies, because they were perpetrated on Fort Ord, there is court-martial jurisdiction.

### IV

■ The foregoing conclusions as to the jurisdictional question require us to dismiss four specifications that carry a maximum total of confinement at hard labor for 15½ years (one charge of a larceny of some value and three charges of forgery). At trial during the *Care*[8] inquiry, the trial judge announced, with the concurrence of counsel, that the maximum permissible sentence included, *inter alia,* confinement at hard labor for 24 years. In reality, however, the correct maximum would encompass confinement for a period of eight and a half years. In our judicial system a guilty plea cannot be considered providently entered if it is premised on a substantial misunderstanding.[9] In this case the misun-

---

4. *United States v. Uhlman,* 1 M.J. 419 (C.M.A. 1976).

5. While the theft in question was from another member of the military, we hold the language in *United States v. Hedlund, supra, United States v. Wilson,* 2 M.J. 24 (C.M.A.1976), and *United States v. Sims,* 2 M.J. 109 (C.M.A.1977), concerning "status" to be dispositive of that possible basis for jurisdiction. Additionally, we do not find the factual predicate that was present in *United States v. Whatley,* 5 M.J. 39 (C.M.A.1978), also present in the instant case so as to warrant a similar result.

6. A concept which finds its genesis in *Schlesinger v. Councilman,* 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975), and has been adopted by the United States Court of Military Appeals. *See, e. g., United States v. Moore,* 1 M.J. 448 (C.M.A.1976).

7. 401 U.S. at 369, 91 S.Ct. at 657; quoted as supporting authority in *United States v. Hedlund,* 2 M.J. at 14.

8. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

9. *United States v. Harden,* 1 M.J. 258 (C.M.A. 1976); *United States v. Bowers,* 1 M.J. 200 (C.M.A.1975); *United States v. Johnson,* 3 M.J. 1071 (A.C.M.R.1977). For those who might incline toward the view that, because this disparity arose due to a dismissal of charges on appeal as the consequence of a jurisdictional error, *Harden* and like cases are not for application, I suggest they trace the judicial history of *United States v. Bobinchuck,* CM 434465 (A.C.M.R. 12 November 1976), a guilty plea case which also involved dismissal of offenses on appeal, affirmed by the United States Court of Military Appeals at 3 M.J. 375 (C.M.A.1977),

derstanding not only involved a gross exaggeration as to the maximum number of years confinement to which appellant was exposed (8½ vs. 24), but also an appreciable misstatement concerning the numbers and types of charges he could be prosecuted for. This involves a qualitative, as well as the more usual quantitative, error. Consequently the substantiality of the misunderstanding is patent in this case.

## V

The findings of guilty of Charge II and its specifications and Specification 1 of Charge III are set aside and those charges are dismissed. The remaining findings of guilty and the sentence are set aside. A rehearing on the remaining charges and specifications may be ordered by the same or a different convening authority.

Chief Judge CLAUSEN concurs in the result.

CARNE, Senior Judge, concurring:

I concur in the analysis and the result reached in Judge Cook's opinion, but because my complete concurrence is in part based on the particular facts in this case, some additional comment is necessary regarding the providence of the plea in light of our dismissal of four specifications and the resultant change in the maximum legally imposable sentence. In those cases in which the maximum sentence to confinement is reduced on appeal because of a subsequent change in the law or an appellate ruling that certain offenses should be considered multiplicious for sentencing purposes, I would look to the sentence limitations imposed by a pretrial agreement to determine whether any misunderstanding on the part of the appellant was both substantial and a producing cause of the plea. *See, e. g., United States v. Walls,* 3 M.J. 882 (A.C.M.R.1977), *pet. granted,* 4 M.J. 196 (C.M.A.1978); *United States v. Montiel,* 3 M.J. 873 (A.C.M.R.1977); *United States v. Brotherton,* 2 M.J. 843 (A.C.M.R.), *pet. de-*

by reliance on the holding in *United States v. Frangoules,* 1 M.J. 467 (C.M.A.1976). *See also*

*nied,* 16 July 1976; *see also United States v. Castrillon-Moreno,* 3 M.J. 894 (A.C.M.R.), *pet. granted,* 4 M.J. 94 (C.M.A.1977).

In this case the error upon which appellate relief has been granted is jurisdictional, and should have been discovered and corrected at the trial level. This case is, therefore, more analagous to *United States v. Bowers,* 1 M.J. 200 (C.M.A.1975), which held that, if a sentence misunderstanding existed at the time the pretrial agreement was negotiated, the plea entered on the basis of that agreement is improvident. The facts in *Bowers* involved a misapplication of the Table of Maximum Punishments, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Revised edition), an error which also existed and should have been corrected at trial.

Accordingly, because of the nature of the error involved in this case; the fact that, in addition to misadvice concerning the sentence, four specifications should not have been charged; and the substantial disparity in maximum sentence, the appellant must be permitted to plead again.

*United States v. Woodward,* CM 433817 (A.C. M.R. 21 September 1977).