UNITED STATES, Appellee,

v.

**Specialist Four Samuel L. SMITH, Junior, 257–04–0814, United States Army, Appellant.**

**CM 446641.**

U.S. Army Court of Military Review.

10 Dec. 1985.

---

For Appellant: Captain Alfred H. Novotne, JAGC (argued); Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC (on brief).

For Appellee: Captain John F. Burnette, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC (on brief).

Before MARDEN, PAULEY and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Pursuant to his pleas, appellant was found guilty by a general court-martial composed of officer members of wrongful distribution of marijuana and cocaine on 19 March 1984, wrongful distribution of marijuana and lysergic acid diethylamide (LSD) on 3 March 1984, wrongful possession with intent to distribute, LSD, marijuana and amphetamine on 23 March 1984 and wrongful possession of drug paraphernalia on 23

March 1984, in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 892, respectively. He was sentenced to a dishonorable discharge, confinement for thirteen years, forfeiture of all pay and reduction to Private E–1. In accordance with a pretrial agreement, the convening authority reduced the confinement to five years but otherwise approved the sentence.

■ The government concedes that the following specifications are multiplicious for findings and should be consolidated: Specifications 1 and 2 of Charge II (wrongful distribution of marijuana and cocaine on 19 March), Specifications 3 and 4 of Charge II (wrongful distribution of LSD and marijuana on 23 March 1984), and Specifications 5, 6 and 7 of Charge II (possession with intent to distribute marijuana, LSD and amphetamine on 23 March 1984). We agree. We are satisfied appellant suffered no prejudice as to sentence. We disagree with appellant, however, and hold that the simultaneous possession of drug paraphernalia and wrongful possession of drugs with intent to distribute are separate crimes which, in this case, are multiplicious only for sentencing. *See United States v. Acs*, 17 M.J. 347 (CMA 1984) (summary disposition).

■ Appellant further urges that a substantial overstatement of the maximum possible punishment rendered his pretrial agreement uninformed and involuntary and prevented the convening authority from giving fair consideration to the negotiation of a pretrial agreement. We disagree.

During negotiation of the agreement appellant was advised that the maximum possible confinement was 107 years. During the providence inquiry, after considering multiplicity, it was determined that the correct maximum possible confinement was 45 years.[1] After determination of the maxi-

---

1. Although this confusion as to the maximum confinement may seem to raise a question as to the effectiveness of trial defense counsel, appellate defense counsel in oral argument specifically stated that this was not a case of ineffective assistance of counsel and that the issue was not arguable by the appellant. In *Hill v. Lockhart*, —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the U.S. Supreme Court held that erroneous advice to a defendant during plea bargaining concerning parole eligibility did not render counsel ineffective. Speaking in obiter dicta,

mum punishment, the military judge asked, "Now, is that going to effect what we do the rest of the day?" The trial defense counsel answered, "No." Subsequently, the appellant persisted in his pleas after being advised by the military judge on more than one occasion that he could change his pleas. We note that there were several recesses during the trial in which appellant had the opportunity to discuss this matter with his counsel, and that after trial the issue was not raised before the convening authority took his action. The issue has now been raised for the first time on appeal.

We believe that *United States v. Hunt*, 10 M.J. 222 (CMA 1981), may be beneficial to the resolution of the issue before the Court. In *Hunt*, it was held that a substantial misapprehension of the maximum punishment does not vitiate the providence of a plea of guilty where the record affirmatively reflects that the accused is aware of the possibility that the actual maximum sentence may be less than that perceived at trial and, nonetheless, persists in his plea. The facts of the case before us, however, are dissimilar to *United States v. Hunt*. In *Hunt*, the accused offered to plead guilty to attempted robbery provided the convening authority would dismiss an additional charge of extortion and suspend confinement in excess of nine months. The agreement did not limit discharge, reduction or forfeitures. It appears that the maximum possible punishment was ten years for attempted robbery and three years for extortion. Because of a defect in the attempted robbery specification, it was set aside on review, and the accused was found guilty of attempted larceny and the remaining extortion offense. The maximum possible punishment was three and

one-half years, three years for extortion and six months for the attempted larceny. Throughout the trial the accused believed his maximum punishment included 13 years confinement. On appeal the accused contended that his plea at trial was improvident because of the substantial misconception of all trial participants as to the maximum imposable punishment. It is noted that, in *Hunt*, throughout the trial, participants believed the possible maximum punishment was the greater amount.[2]

In the case before us the misapprehension of the maximum possible punishment occurred during the pretrial negotiations with the convening authority on sentence limitations. The misunderstanding of the maximum punishment was cured at trial by the military judge when he advised the appellant of the correct maximum possible punishment. The military judge conducted the providence inquiry and discussed the pretrial agreement with the appellant, including that portion of the agreement dealing with sentence limitations. The appellant entered his pleas of guilty, expressed his desire to proceed with the pretrial agreement and indicated that he had no questions about the agreement. Subsequently, through defense counsel in a *Goode*[3] response to the post-trial review, appellant asked the convening authority to reduce his adjudged confinement "for reasons of fairness, compassion and concern for the effect extended confinement would have on [his] family." Appellant did not ask the convening authority for a reduction of confinement because of the misunderstanding of the maximum punishment that existed at the time the pretrial agreement was negotiated.

we agree with counsel that under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the issue of effective assistance of counsel is not raised. See also *United States v. Satkamp*, 32 CMR 552 (ABR 1962), where misadvice given an accused as to maximum punishment was corrected at trial and was not inadequate representation by counsel.

2. In cases cited by appellant the erroneous belief of all participants that the possible maximum punishment was greater than the actual possible maximum punishment persisted throughout the trial. *United States v. Castrillon-Moreno*, 7 M.J. 414 (CMA 1979); *United States v. Harden*, 1 M.J. 258 (CMA 1976); *United States v. Bowers*, 1 M.J. 200 (CMA 1975).

3. *United States v. Goode*, 1 M.J. 3 (CMA 1975).

As in *Hunt*, there is no indication that appellant pleaded guilty, even though he considered himself innocent, because this was the only means to avoid a crushing sentence. The agreement to approve five years' confinement is far less than the 45-year maximum and the 13 years confinement actually adjudged. The misunderstanding of the maximum punishment was corrected by the military judge during the trial. Fully aware of the correct maximum punishment, the appellant persisted in his pleas of guilty and continued with his pretrial agreement. We find that the overstatement of the possible maximum punishment was not a substantial factor in the appellant's decision to plead guilty.

Appellant further contends that the overstatement of the possible maximum sentence, as reflected in the pretrial advice, caused the convening authority to deal with him on harsher terms than he would have if the convening authority had been properly informed. Evidence before us indicates this is not so. The statement of trial defense counsel indicates that the possible maximum punishment was of little significance in the pretrial negotiations and that the determining factor was the nature and severity of the charges. We find the overstatement of the maximum possible punishment was not a substantial factor in the convening authority's decision to require an agreement which included five years' confinement. Accordingly we find the pleas were provident.

Specifications 1 and 2 of Charge II are consolidated by adding at the end of Specification 1 the words and figures, "and .25 grams of cocaine, a Schedule II controlled substance." Specifications 3 and 4 of Charge II are consolidated by adding at the end of Specification 3, the words and figures "and 2.0 grams of marijuana in the hashish form, a Schedule I controlled substance." Specifications 5, 6 and 7 of Charge II are consolidated by adding at the end of Specification 5 the words and figures "24 user units of lysergic acid diethylamide, a Schedule I controlled substance and 2.5 grams of amphetamine, a Schedule III controlled substance."

The findings of guilty of Specifications 2, 4, 6 and 7 of Charge II are set aside and those specifications are dismissed. The remaining findings of guilty and the sentence are affirmed.

Senior Judge MARDEN and Judge PAULEY concur.