**UNITED STATES, Appellee,**

v.

**Staff Sergeant Emmitte L. MYRICK, Jr., SSN 264–68–9730, United States Army, Appellant.**

**CM 435240.**

U. S. Army Court of Military Review.

12 July 1977.

Colonel Alton H. Harvey, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain D. David Hostler, JAGC, and Captain John M. Zoscak, Jr., JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain William C. Kirk, JAGC, and Captain Gay M. Holmes, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Based upon his plea of guilty appellant was convicted by a judge alone general court-martial of one specification of possession of heroin and of one specification of sale of heroin. These crimes were alleged as violations of Article 134, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 934). Trial was held on 10 August 1976.

At trial, all parties correctly concluded that the offenses were multiplicious for sentencing purposes based on the simultaneity of the alleged acts (*United States v. Waller*, 3 M.J. 32 (C.M.A. 1977); *United States v. Axley*, 1 M.J. 265 (1976)), however, the trial judge erroneously decided that the decision in *United States v. Courtney*, 1 M.J. 438 (1976) was not for application. Consequently, he advised the appellant that the maximum permissible confinement period was ten years rather than the correct figure of two years.

During discussion by the military judge with the prosecutor and the trial defense counsel regarding the applicability of *Courtney, supra,* the latter counsel stated, "[I]f this case were prosecuted under Article 92, it would be a contest." Later in this discussion, trial defense counsel said that, "The entire defense case has been based on an understanding that the maximum punishment is, as stated, ten years."

It is evident from the record that appellant would not have negotiated a pretrial agreement if he had been aware that the maximum imposable confinement was two years rather than ten. Applying the "elastic standard" set forth in *United States v. Harden*, 1 M.J. 258 (1976), to the case *sub judice*, the eight year difference between the correct maximum period of confinement and the erroneous maximum upon which appellant based his plea of guilty is "substantial."

The findings of guilty and the sentence are set aside and a rehearing may be ordered.

DeFORD, Judge, concurring:

I concur with the opinion of Judge Dribben.

Applying the criteria I enumerated in *United States v. Jones*, 3 M.J. 869 (A.C.M.R. 12 July 1977), *see also* my dissent in *United States v. Shrum*, 2 M.J. 996 (A.C.M.R. 28 September 1976), I reach the same results and am persuaded that the appellant would not have negotiated the pretrial agreement in the instant case had he known the true maximum punishment as to confinement.

COOK, Senior Judge, concurring in the result:

Such a marked variance between the correct maximum and the one provided the appellant, *i. e.,* two versus ten years, constitutes, in my view, a substantial misunderstanding which perforce improvidences appellant's plea. *United States v. Harden*, 1 M.J. 258 (1976).